SAMUEL McELROY, Respondent, *v.* THE CONTINENTAL RAILWAY Co., Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Judgment. Motion to set aside.*—Where the defendant does not content itself with moving to set aside a judgment, on account of the defects in the affidavit of service of the summons, but relies upon affidavits served with the motion papers, the plaintiff has the right to reply to the new affidavits, served as the basis of the motion; and it is upon the facts, as developed upon all these affidavits and papers, that the question whether the court did, or did not, acquire jurisdiction, must be determined.

2. *Same. When vacated.*—The court, unless thoroughly convinced that no jurisdiction was acquired, should not set aside a judgment, after the lapse of two years, and after plaintiff has acquired rights under it in other states.

3. *Jurisdiction. Corporation.*—The service of the summons on a director of a foreign corporation is sufficient, where the contract, on which the action is based, was made and to be performed in this state, and service could not be made upon its president, treasurer or secretary.

4. *Same.*—Jurisdiction depends, not merely upon the affidavit, but upon the fact, of service; and a defective affidavit of service may be amended, and the fact of service shown.

Appeal from an order denying a motion to set aside the judgment entered in this action.

*S. D. Cozzens*, for appellant.

*Moody B. Smith*, for respondent.

VAN BRUNT, P. J.—The judgment in this action was entered on the 3d of May, 1884, upon an affidavit made by one Martin that he had served the summons and a copy of the annexed complaint on the defendant by delivering to and leaving the same with Daniel Messmore, one of the directors of said company, at 19 Park Place, in the City of New York; that at the date of such service the same could not be made upon the president, treasurer or secretary of said company, with due diligence within the state of New York, for the reason that all of said officers were non-residents of the state of New York, and none of them could be found therein.

The now complaining directors learned of said judgment early in the year 1885, but no motion to set the same aside was made until December, 1887, when the motion was made from the order denying which this appeal is taken. In the meantime the defendant, which is a corporation chartered by the states of New Jersey and Pennsylvania and other states, as stated in the papers upon the part of the defendant, was sued upon such judgment in Pennsylvania, and set up as a defense in said action that the plaintiff, subsequent to the commencement of the action in the supreme court of the state of New York which resulted in the judgment sued upon, had received from said company, payment. Such proceedings were thereupon had in the court in Pennsylvania that judgment was entered in favor of the plaintiff and against the defendant for want of a sufficient defense in July, 1887. There was no pretense at the time this defense was put in, but that the action in this court was properly commenced. In fact, in the affidavit of defense, it is

alleged as having been commenced, which could not have been the case if the court had not acquired jurisdiction by reason of the service of the summons.

The objection that the affidavit of service was defective might very well have been sustained, had the defendant contented itself with moving to set aside the judgment because of the defects in such affidavit, and not have relied upon the affidavits served with the motion papers.

Under these circumstances, the plaintiff had a right to reply to the new affidavits which were served as the basis of the motion, and it is upon the facts, as developed upon all these affidavits and papers, that it must be determined as to whether the court had acquired jurisdiction or not.

In reference to this, we think the court below came to a correct conclusion. It is impossible to conceive that the defendant should have rested quietly under this judgment for over two years, and have allowed itself to be sued in Pennsylvania upon the judgment without questioning its validity, had it not known that the supreme court had acquired jurisdiction by the manner in which the summons in this case had been served.

But after it had waited for two years and allowed itself to be sued in Pennsylvania upon this judgment, and after it had failed in its defense to this suit, then it would appear that the corporation began to be of the opinion that the action in the supreme court had not been properly commenced, although in the affidavit of defence in the Pennsylvania suit it was sworn that it had been commenced.

We think under these circumstances that the claims now made are of so suspicious a character that the court unless thoroughly satisfied of the facts set forth in the affidavits of the defendant should not set aside a judgment after this lapse of time and after the plaintiff had been allowed to acquire rights in other states thereunder.

The facts disclosed by the affidavit of the plaintiff clearly show that sufficient had been done from which the court

might reasonably infer that service could not be made upon the president, treasurer or secretary of the company, because they could not be found with due diligence within the state of New York.

The further objection that service on the director is bad, because the defendant had no property in the state and the cause of action presumably did not arise here, cannot prevail.

It appears from the papers in this action that although the defendant was a foreign corporation, yet that the contract was entered into in this state, and although the defendant was employed as an engineer in reference to the construction of the road (but where such railroad or proposed railroad was to be situate, does not appear) it, also, appears from the answer of the defendant in the Pennsylvania suit that it was as consulting engineer that the plaintiff was employed, and it might very well be, in the absence of any proof as to the services having been rendered elsewhere, that the major part of them were rendered in the state of New York, and therefore the court acquired jurisdiction.

In fact, it seems to us that in view of the failure to attack this judgment before, and of the failure to raise any objection to it in the proceedings in the state of Pennsylvania, every presumption which may be indulged in upon the face of the papers is to be construed in favor of sustaining the judgment.

The defendant suggests that the acquiescence upon its part was in bad faith and in pursuance of a fraudulent scheme of those parties, of which the defendant's creditors were to be the victims, and that therefore this acquiescence did not bind the defendant. In answer to this it is sufficient to say that the very parties who now are moving to set aside this judgment are the ones who were made acquainted with its existence as early as the year 1885, and prior to the commencement of the action in Pennsylvania.

There is no pretense whatever but that all these parties were fully aware of the proceedings in Pennsylvania, and yet none of them seem to have thought that the supreme court had not acquired jurisdiction until after they had been defeated in the Pennsylvania action.

It would seem rather that the idea of the want of jurisdiction arose from the necessities of the case rather than from a belief in the facts going to show want of jurisdiction.

It seems to us therefore, that there was no sufficient ground for granting the motion to set aside this judgment, and that the order should be affirmed, with ten dollars costs and disbursements.

BARRETT, J.—I concur. The cases cited by the appellant (Carleton v. Carleton, 85 N. Y. 314; Kennedy v. The N. Y., L. I. & T. Co., 101 Id. 489) refer to orders of publication. There, jurisdiction to grant (within) the order depends upon the sufficiency of the affidavit. Here, jurisdiction depends upon the fact, not merely upon the affidavit of service. A defective affidavit of service may be amended and the fact of the service shown. Thereupon the judgment may be permitted to stand.

As to the cause of action, the contract sued on was made in this state, and there is a fair presumption, from its character and the averments of the complaint, that payment was to be made here; also, from the proofs, as suggested by the presiding justice, that it was in part performed here. Upon the other questions discussed, I have no doubt.