Appellate Division, Second Department. January 30, 1902.) Action by Henry V. Middleworth against Woodbury Lowery. No opinion. Orders affirmed, with $10 costs and disbursements.

---

MILLER, Respondent, v. BENEDICT et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 28, 1902.) Action by Frederick Miller, an infant, etc., against M. Stuart Benedict and another. No opinion. Judgment and order affirmed, with costs.

---

MINER, Respondent, v. MAYER, Appellant. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by John R. Miner against Gerson Mayer. No opinion. Order affirmed, with $10 costs and disbursements.

---

MOLYNEAUX, Appellant, v. ULSTER & D. R. CO., Respondent. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by Orlando J. Molyneaux against the Ulster & Delaware Railroad Company. No opinion. Judgment unanimously affirmed, with costs.

---

MONTELL, Respondent, v. DITTMAN et al., Appellants. (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by Francis M. Montell against George Dittman and others. T. M. Hill, for appellants. G. E. Blackwell, for respondent. No opinion. Judgment and order affirmed, with costs

---

MOORE, Respondent, v. CONKLIN, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 28, 1902.) Action by John Moore against Roland R. Conklin. No opinion. Judgment affirmed, with costs.

---

MOREL et al., Appellants, v. STEARNS et al., Respondents. (City Court of New York, General Term. December, 1901.) Action by Marie Joseph Ememond Morel and others against John M. Stearns and others. Norwood & Dilley (Walter E. Cooke, of counsel), for appellants. Hitchings, Palliser & Moen (Hector M. Hitchings, of counsel), for respondents. · FITZSIMONS, C. J. The defendants agreed to purchase from plaintiffs 20 bales of silk, deliverable in April or May. All were duly delivered, except 6, which were offered and refused by defendants on June 1st. On May 31st, plaintiffs gave to a truckman papers that would enable him to receive the silk in question from the customs officials, but he did not remove same from the dock until the morning of June 1st. Upon the trial the complaint was dismissed, and thus this appeal. We think the ruling was correct. The contract plainly reads, "Deliverable in April and May, 1900." The plaintiffs contend that, because they delivered the necessary papers to get the goods off the ship on May 31st to a common carrier, such act constituted a delivery to defendants. We are against such proposition. The common carrier was plaintiffs' agent, and his neglect to deliver to defendants on May.31st was plaintiffs' neglect. Although no place was fixed in the. contract to make deliveries, yet the writings and acts of both parties show that plaintiffs were to do so at any reasonable place fixed by defendants. In this instance defendants instructed plaintiffs to make such delivery at their business place, 68 Green street, this city, and to do so on May 31st, which was not done. We think thereupon the · judgment must be affirmed, with costs to respondents. Judgment affirmed, with costs to respondents.

DELEHANTY, J., concurs.

---

MORGANSTERN, Appellant, v. ENDELMAN, Respondent, et al. (City Court of New York, General Term. December, 1901.) Action by Philip Morganstern against Abraham Endelman, impleaded, etc. Joseph Wilkenfeld (John D. Connolly, of counsel), for appellant. Abraham B. Schleimer, for respondent.

HASCALL, J. It is clear from the face of the papers presented to us upon this appeal that every presumption which may be indulged in should be construed in favor of sustaining the judgment. McElroy v. Railway Co. (Sup.) 6 N. Y. Supp. 306. The apparent absence of good faith on the part of the defendant, as well as of diligence, render section 724 of the Code imperative, and make it imperative that the order appealed from should be reversed. Moreover, judicial policy requires that a justice at special term should not assume to vacate an order made by another justice, except where permission is granted by statute, before application has been made to the justice granting the order for its modification, amendment or vacation. Fisher v. Hepburn, 48 N. Y. 41; Kamp v. Kamp, 59 N. Y. 212. It clearly appears that, if the order complained against were to be maintained, it would be rendering the neglect of defendant the means for gaining his cause. See Wooster v. Woodhull, 1 Johns. Ch. 538. The investigation by the supreme court of the merits of the matter of difference between the parties, in the interim between the dates of the two orders, makes it certain that the interests of justice are best subserved by maintaining the judgment already secured by plaintiff. The order appealed from should be reversed, with costs and disbursements to the appellant. Order reversed, with costs and disbursements to appellant.

DELEHANTY, J., concurs.

---

MURPHY, Appellant, v. CONEY ISLAND & B. R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by James Murphy against the Coney Island & Brooklyn Railroad Company. No opinion. Motion denied.

---

MURPHY et al., Appellants, v. PARSONS et al., Respondents. (Supreme Court, Appellate Division, First Department. February 7,