SAMUEL L. BAILEY, Plaintiff, v. WILLIAM A. WILSON, Defendant.

(City Court of New York, Special Term, April, 1907.)

Former adjudication — What matters are concluded — Matters actually litigated and determined — Service of process in former action.

Where, in an action brought in New Jersey upon a judgment entered upon defendant's default in an action brought in the City Court of the city of New York, he is defeated upon the issue that the court had no jurisdiction to enter the judgment because he had not been served with the summons therein, the decision of the New Jersey court is *res adjudicata* upon a motion to set aside the service of the summons in the City Court action and to vacate the judgment entered therein by default.

MOTION to set aside service of the summons and to vacate a judgment entered by default.

John H. Regan, for plaintiff.

Joline, Larkin & Rathbone, for defendant.

WADHAMS, J. Motion is made to set aside the service of the summons and to vacate the judgment entered by default in June, 1904, upon the ground that the summons was never served. The judgment was assigned and action brought thereon in New Jersey, where the defendant resides. Plaintiff recovered in that action. It is urged by the defendant that the provision of the Constitution of the United States under which full faith and credit are to be given to judicial determinations of sister States does not apply; that, if the New Jersey court was bound to recognize the New York judgment and the New York court in turn bound to recognize the New Jersey judgment, plaintiff would be led in a circle without redress. The only judgment which by the rule of comity is to be honored is a judgment rendered by a court having jurisdiction to enter it. The jurisdiction may always be questioned. The defendant in the New Jersey action raised the issue of jurisdiction. He pleaded specially that he had not been in the jurisdiction of the City Court of New York, and had not been served with the summons, and that this court had no jurisdiction to enter the judgment. On this issue the action came to trial in the Supreme Court of New Jersey in April, 1906, and the jury found a verdict for the plaintiff. An appeal taken by defendant to the Court of Errors and Appeals of the State of New Jersey is still undetermined. The question presented is whether or not the judgment of a sister State which determined that the summons was in fact served in the action theretofore brought in this court should be controlling upon a motion to set aside that alleged service and to vacate the judgment of this court. The plaintiff, in support of his contention, cites McElroy v. Continental R. Co., 6 N. Y. Supp. 306. In that case suit was brought in Pennsylvania upon a judgment entered in New York. Defendant appeared and interposed the defense of payment, admitting that an action " had been commenced in New York," and judgment was rendered for the plaintiff. A subsequent motion to set aside the original judgment for want of service of the summons was denied on the ground of laches. Judge Van Brunt said: " It is impossible to conceive that the defendant should have rested quietly under this

judgment for over two years and have allowed itself to be sued in Pennsylvania upon the judgment without questioning its validity had it not known that the Supreme Court had acquired jurisdiction by the manner in which the summons in this case had been served. But after it had waited for two years and allowed itself to be sued in Pennsylvania upon this judgment, and after it had failed in its defense to this suit, then it would appear that the corporation began to be of the opinion that the action in the Supreme Court had not been properly commenced, although in the affidavit of defense in the Pennsylvania suit it was sworn that it had been commenced. We think, under these circumstances, that the claims now made are of so suspicious a character that the court, unless thoroughly satisfied of the facts set forth in the affidavits of the defendant, should not set aside a judgment after this lapse of time and after the plaintiff had been allowed to acquire rights in other States thereunder." It may be inferred from this language that the distinguished jurist considered that the court had power, after judgment entered in a sister State, to vacate the judgment in this State upon which it was based. But it will be observed that one of the reasons given for declining to grant the motion is that the question of validity of service was not raised in the sister State when there was an opportunity to do so. It does not follow that, had the validity of process been questioned and determined adversely to defendant, the court would not have given credit to such determination. I am of opinion that this court should give credit to the determination in a sister State upon the very question presented on this motion. To do otherwise would invite confusion, impair confidence in judicial procedure and prevent finality in litigation. The defendant chose his own forum, went before a jury in his own State, and was there defeated. He has had his day in court. Moreover, as in the case cited, plaintiff has neglected to bring his motion for nearly three years. Two years passed after judgment was entered in this State before the verdict was rendered against him in New Jersey in April, 1906. In May of that year he made a motion to be permitted to appear and answer, which was denied. Upon that motion it was also

Supreme Court, April, 1907.          [Vol. 54.

urged that defendant had not been served with the summons. In his affidavit he states that, acting upon advice of counsel, he " decided not to move to open the judgment in this action, but to contest the said action in New Jersey, and did so." He may not now be heard to question the result.

Motion denied, with ten dollars costs.