[No. 19030.  Department Two.  March 19, 1925.]

N. E. HARJU, *Respondent,* v. WILLIAM ANDERSON *et al.,*
*Defendants,* EINOR W. ANDERSON, *Appellant.*[1]

JUDGMENT (119)—VACATION—PROCEEDINGS—RIGHT TO FILE AN-
SWER.  Upon a petition to vacate a judgment, an answer may be
filed, if it institutes no new cause, notwithstanding Rem. Comp. Stat.,
§§ 464, 467, 468, providing for the hearing on the petition, which is
deemed denied without further answer.

SAME (130)—PETITION TO VACATE—ISSUES—HEARING AND DETER-
MINATION.  Upon a petition to vacate a judgment, it is not error to
refuse to pass upon all the issues, if one determinative issue is
decided.

JUDGMENT (222, 255)—RES JUDICATA—MATTERS CONCLUDED—JUDG-
MENT OF OTHER STATE—FULL FAITH AND CREDIT.  In an action in
Oregon, upon a Washington judgment, the court may entertain and
determine the defense that the Washington judgment was void for
want of personal service; and having done so, the judgment is *res
judicata,* and properly pleaded in Washington in bar of a petition
to vacate the Washington judgment for the same cause.

JUDGMENT (183, 191-1)—FINALITY OF JUDGMENT—TIME FOR VACA-
TION.  The fact that a default judgment may be vacated on petition
at any time within one year does not affect the finality of the
judgment or preclude an action thereon in another state, during the
pendency of such year.

Appeal from an order of the superior court for Cow-
litz county, Kirby, J., entered July 21, 1924, dismissing
a petition to vacate a default judgment, after a hearing
before the court.  Affirmed.

*J. Bruce Polwarth,* for appellant.

*E. E. Mathison* and *G. C. Fulton,* for respondent.

MACKINTOSH, J.—On August 5, 1916, the respondent
began an action in tort in 'the superior court for Wah-
kiakum county against the appellant and the defend-
ants William Anderson and William Anderson Com-

[1]Reported in 234 Pac. 15.

pany. Summons and complaint were served upon the defendants William Anderson and William Anderson Company, who appeared and filed demurrers and affidavits of prejudice whereby a change of venue was secured to Cowlitz county on September 29, 1916, in which county, on May 22, 1917, an order was entered sustaining the demurrers. On November 26, 1917, an attempt was made in Wahkiakum county to serve the summons and complaint upon appellant, which service gives rise to the controversy before us. On December 19, 1917, the respondent filed the affidavit of a process server to the effect that, on November 26, 1917, in Wahkiakum county, summons and complaint in the action had been personally served upon the appellant. On December 10, 1920, an amended affidavit of a process server was filed to correct technical omissions contained in the original affidavit. On January 3, 1918, judgment was entered dismissing the action as to the defendants Anderson and Anderson Company. On July 22, 1918, based upon the filed proof of service, an order was entered adjudging the appellant to be in default, he not having appeared and the time for appearing having expired. On November 20, 1920, the case was tried as against the appellant upon his default, findings of fact and conclusions of law were made and judgment entered thereon on December 10, 1920, in favor of the respondent and against the appellant in the sum of $5,500 and costs.

On March 14, 1921, the respondent began an action in the circuit court of the state of Oregon for Clatsop county against the appellant to recover judgment on the judgment entered in this case on December 10, 1920, in Cowlitz county, Washington. On March 14, 1921, personal service was made in the Oregon action in Clatsop county by the sheriff of that county. The

appellant appeared in the Oregon case and on October 28, 1921, filed an answer wherein he denied all the allegations of the complaint and pleaded several affirmative defenses, among them being that he had never been served with the summons and complaint in the Washington case. The service of the summons and complaint in the Oregon case, so the appellant claimed, first brought to his notice the fact that an action had been prosecuted against him in Washington, and seven months and fourteen days after he had been served with summons and complaint in the Oregon action, and on the same day that he appeared in the Oregon case, he filed a petition in this action to vacate the judgment obtained against him on November 20, 1920, in Cowlitz county, alleging, among other grounds for the vacation of that judgment, that he had never been served with summons and complaint and that, before the alleged service had been made, the action had been terminated by the dismissal of the defendants Anderson and Anderson Company; that the action was barred by the statute of limitations, and alleged that the action was fraudulent and that the judgment was obtained by fraud. This petition was dismissed upon the special appearance of the respondent, whereupon an appeal was taken to this court, where, in *Harju v. Anderson,* 125 Wash. 161, 215 Pac. 327, this court reversed the action of the superior court of Cowlitz county and remanded the matter to that court with instructions to hear the petition. This decision was rendered May 17, 1923.

In the meantime, in the Oregon case, by motions and demurrers, portions of the appellant's answer had been stricken, but there was left therein the allegation that the summons and complaint had never been served in the Washington action. To the affirmative matter that

remained in the answer in the Oregon case, the respondent replied on January 18, 1922. On February of that year the appellant moved for a postponement of the trial until the petition for vacation of the judgment in the Washington case should be finally disposed of. This motion was denied by the circuit court of Clatsop county on February 10, 1922. On February 14, 1922, the appellant filed an affidavit of prejudice and motion for a change of venue of the Oregon case. The motion was denied, and on February 15, 1922, the Oregon case was called for trial in the circuit court of Clatsop county, the respondent appearing in person and by his attorneys, the appellant not being present and not being represented, and it appearing that the appellant had due notice and had not appeared and no excuse had been offered for his non-appearance, and the respondent moving that the appellant's affirmative answer be dismissed for his failure to appear, the motion was granted, and on March 1, 1922, the date of the hearing, due notice having been given to the appellant, who did not appear and was not represented at that time, a jury was impaneled and tried the question on the testimony offered by the respondent, and the court directed the jury to return a verdict in favor of the respondent in accordance with the prayer of the complaint. Judgment was entered on that verdict in approximately the sum of $6,000. The decision of the circuit court of Clatsop county was appealed to the supreme court of Oregon, where on May 20, 1924, the judgment of the circuit court was affirmed, the opinion appearing in *Harju v. Anderson*, 225 Pac. (Ore.) 1100.

Turning now to the Cowlitz county proceeding, after the remittitur had gone down from this court on the decision filed May 17, 1923, the respondent moved against the petition to vacate, which motion was de-

nied by the court, and thereafter his answer was filed, which the appellant moved to strike for the reason that it was no part of the proceedings and could have no place therein. The court denied this motion. The appellant then demurred to the answer on the ground that it was unnecessary and improper and not required by statute and that the matters therein set up did not constitute a defense to the petition. This demurrer was overruled. The respondent's answer to the appellant's petition, against which these motions and demurrers had been interposed, set up, among other things, the proceedings in the Oregon case and pleaded these were *res adjudicata.* On December 18, 1923, a hearing was had upon the petition and answer, and on July 21, 1924, an order was entered dismissing the appellant's petition to vacate, this order being based upon the court's determination that the plea of *res judicata* should be upheld, although the court was satisfied no service of the summons and complaint had been had in Wahkiakum county on November 26, 1917.

The question then before us for determination is whether the plea of *res judicata* defeats the appellant's petition to vacate the judgment based upon what we may assume, for the purpose here, to have been no service in the Washington case. Before passing to the determination of that question a minor matter or two may be disposed of.

It is urged that it was improper for the respondent to be allowed to file an answer to the appellant's petition to vacate. Sections 464, 467, 468, Rem. Comp. Stat. [P. C. §§ 8130, 8133, 8134], under which the petition to vacate was brought, provide: "the cause of the petition shall alone be decided," and that the petition is deemed denied without further answer. Appellant argues from this that an answer is not admissible. We

do not so read these statutes. They merely provide that, in the absence of an answer, the petition shall be deemed denied, but that an answer might be filed if deemed advisable, and that the issue tried upon the petition and the answer shall introduce no new cause, and that the questions only which are presented by the petition shall be decided. This means that, upon such hearing, the judgment granted is confined to the allegations of the petition, but it was not the intention to deprive the defendant of any defense he might have to the petition to vacate.

It is next urged that, if the answer was permissible, the trial court erred in not passing upon all the issues raised by the petition to vacate. As we view the matter, it is unnecessary for the trial court to pass upon all these matters so presented, for the reason that the one issue of *res judicata* was determinative of the entire matter, and if the trial court was correct in its decision upon that question the other matters become immaterial.

The circuit court of Clatsop county had jurisdiction of the persons and of the subject-matter of the litigation before it. It had jurisdiction by personal service upon the appellant, and it had jurisdiction under the law to entertain a suit for judgment upon a judgment already obtained in another jurisdiction, and in such a suit the judgment debtor had a right to interpose as a defense against that action the fact that the foreign judgment upon which the suit was being prosecuted was void for the reason that no service of summons and complaint in the original action had been made. This is the law, both of this state and of Oregon. *Murray v. Murray*, 6 Ore. 17; *Aultman, Miller & Co. v. Mills*, 9 Wash. 68, 36 Pac. 1046. He having a right to interpose that defense, a judgment in that action

would be *res judicata* as to it if it was in issue. It was proper for the respondent in the Oregon case to include in his answer, as he did, that there had been no service of summons and complaint in the action begun in Washington. The Oregon court allowed that defense to stand in the pleading. It was therefore an issue in that action and the determination of the action determined that issue. It is true that respondent did not appear at the trial, but that does not render any less binding upon him the judgment of the circuit court of Clatsop county, afterwards affirmed by the supreme court of Oregon. That judgment was *res judicata* as to all things which were, or could have been, litigated in that proceeding under the pleading. The question of whether or not there had been service in Wahkiakum county in the Washington action was a matter which was at issue in that case, and the judgment in that case determined that there had been service and is binding upon both parties to that litigation, who are the two parties to the litigation before us.

The meagre precedents involving a situation such as the one here support this conclusion. Research has shown but two decisions on similar facts. The first one of these is *Dobsen v. Pearce,* 12 N. Y. 156, 62 Am. Dec. 152, where the plaintiff had theretofore recovered a judgment against the defendant in a New York court and began this action in the nature of a debt upon it in New York. The defendant, in his answer, pleaded a decree of the Connecticut court determining that the judgement in suit was fraudulent. The New York court held the Connecticut decree to be admissible and to be conclusive. In the course of the opinion the court holds that the plaintiff having resorted to the Connecticut court to enforce his judgment, the court of that state thereby obtained jurisdiction of the persons and had full power to:

"Pronounce upon the rights of the parties in respect to the judgment and to decree concerning it. It necessarily follows that the decree of the superior court of Connecticut, sitting as a court of chancery, directly upon the question of fraud, is conclusive upon the parties to that litigation, and all persons claiming under them with notice of the adjudication. The judgment of a court of competent jurisdiction upon a point litigated between the parties, is conclusive in all subsequent controversies where the same point comes again in question between the same parties. . . In the state of Connecticut, it is quite clear the question of fraud would not be an open question between the parties, but would be considered entirely settled by the decree of the court of that state, and as full faith and credit are to be given by each state to the judicial proceedings of every other state, that is, the same credit, validity and effect as they would have in the state in which they were had, the parties are concluded in the courts of this state by the judgment of the court in Connecticut directly upon the question in issue. . . The decree of the court of chancery of the state of Connecticut as an operative decree, so far as it enjoined and restrained the parties, had and has no extra territorial efficacy, as an injunction does not affect the courts of this state; but the judgment of the court upon the matters litigated is conclusive upon the parties everywhere and in every forum where the same matters are drawn in question. It is not the particular relief which was granted which affects the parties litigating in the courts of this state; but it is the adjudication and determination of the facts by that court, the final decision that the judgment was procured by fraud, which is operative here and necessarily prevents the plaintiff from asserting any claim under it. The court acquired jurisdiction of the parties by the commencement of the action, and the service of process upon the defendant therein, and his appearance by an authorized attorney; . . ."

The only other authority appears in *Bailey v. Wilson*, 54 Misc. Rep. 45, 103 N. Y. Supp. 1021, where an

action was brought in New Jersey, where the defendant resided, on a judgment entered against him in New York by default, and the defendant plead failure of the plaintiff to serve a summons in the action in New York. The New Jersey court determined the question adversely to the defendant. The defendant then moved in the New York case to set aside the original judgment, and it was held that he was bound by the determination of the New Jersey court. The facts are strikingly similar to those at bar. The court held that the provision of the Federal constitution under which full faith and credit are to be given to the judicial determinations of sister states does not prevent the courts of a state in which suit is brought on a judgment of another state from inquiring into the validity of such judgment. "The only judgment," said the court in that case, "which by the rule of comity is to be honored is a judgment rendered by a court having jurisdiction to enter it. The jurisdiction may always be questioned. The defendant in the New Jersey action raised the issue of jurisdiction." Continuing, the court pointed out that he having pleaded that the New York court had no jurisdiction for the reason that he had not been served with a summons, an issue was triable by the New Jersey court, which found that the summons had been served. The question, as the court states it, is whether the judgment of the New Jersey court which determined that service had in fact been made on the New York case should be controlling upon a motion made in the New York case to set aside that alleged service and vacate the judgment. The New York court in determining that the matter was *res judicata* said:

"Upon that motion it was also urged that defendant had not been served with the summons. In his affidavit he states that, acting upon advice of counsel, he

'decided not to move to open the judgment in this action, but to contest the said action in New Jersey, and did so.' He may not now be heard to question the result.''

There is some suggestion made in this opinion of laches, but it is merely thrown in for full measure and has no determining effect in arriving at the court's decision.

Appellant argues, however, that all this line of reasoning is not effective because the judgment of the Washington court was not a judgment upon which an action could be brought in an Oregon court before the expiration of the one year within which the judgment debtor might, under the statutes, petition to have the judgment set aside on any of the grounds specified in the law. The decision of this court in the former appeal of this case is cited as authority for this position. The court there said that the petition of the appellant in this action was properly served upon the respondent and his attorney in the state of Oregon, because the petition was a proceeding in the original action and was not the institution of a new action, and in the course of the opinion the court said:

''We do not think that there is presented in a proceeding of this nature a question of obtaining jurisdiction in the first instance over a case or over the parties thereto. The court already had jurisdiction over Harju as a party to this case, and the case was still pending at the time in question for the purpose of bringing into it the issues raised by this proceeding. We have here the mere question of giving Harju or his counsel notice of the bringing of those issues into the case to the end that they may be heard with reference thereto. Indeed, the question is not materially different from what it would be were it one of giving Harju or his attorneys notice of the bringing to hearing some issue of fact upon a motion made in the case before

judgment, save as to the time they would have to respond to such a notice. We cannot assent to the view that one who is a party to a pending action, into which he has voluntarily come or is brought by due process, can, before it finally ceases to be a pending action, go outside the state and escape further responsibility with reference thereto while it is pending, upon the theory that notice of this nature cannot be personally served upon him or his attorney outside of the state. As we view the situation of such a party, with reference to the pending case, he and his attorneys, for the purpose of serving such notice, are, in contemplation of law within this state; and that a notice of the nature here in question may be served upon him or them anywhere without the state, when he and all of his attorneys of record are without the state.''

We do not think it was the court's intention to, nor did it, announce anything in that opinion to the effect that the judgment was not a final judgment at the time of its entry and only became final when the year had expired within which petition might be made to set it aside. The court merely held that, within a year after the entry of the judgment, the service of the petition was not the institution of a new proceeding; that the petition to vacate was a part of the old proceeding, collateral or ancillary to it, and was of such a nature it was not necessary to make service other than as made in cases already pending. To give the opinion in that case the effect of holding that judgments are not collectible by suit thereon in other states within a year after their entry and before any move has been made to set them aside would necessarily result in holding that executions in the court in which they were entered could not be had within that year, and introduce many new and confusing elements into the situation and upset the law on the collection of liens of judgments, appeals, the statute of limitations; and it was not the idea of this court to go beyond deciding in *Harju v. Ander-*

*son, supra,* that service of the petition to vacate the judgment might be made as it was there made.

The briefs discuss some other questions, not vital here and unnecessary to notice. Satisfied that the trial court was correct in dismissing the petition, we affirm its judgment.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.