KATHLEEN ANNA MABSON, *Appellant,* vs. H. B. MABSON, *Appellee.*

140 So. 801.

Division B.

Opinion filed February 2, 1932.

*Rogers & Rogers,* of Lakeland, for Appellant;

*John S. Edwards* and *Eldridge Cutts,* of Lakeland, for Appellee.

Davis, J.—This is an appeal from a decree of the Circuit Court of Polk County sustaining a plea interposed to a bill in the nature of a bill of review in a divorce proceeding and dismissing such bill.

It appears from the pleadings that Kathleen Anna Mabson, the appellant, and Hendon B. Mabson, the appellee, became husband and wife and in due course established their matrimonial domicile at Winter Haven, in Polk County, Florida; that the matrimonial domicile of both parties was in Polk County on March 30, 1927, at which time the wife left the husband and went to New York City. On April 4, 1927, the husband instituted in the Circuit Court for Polk County a divorce suit which was prosecuted to a final decree and a divorce on the ground of adultery was therein granted on May 4, 1927. The process in such divorce suit was by publication under Sections 4895 C. G. L., 3111 R. G. S.

At the time of the institution of the suit in Florida, notice of such suit was duly mailed to the wife. She admits that she received such notice but contends that it was void because the return day was only twenty-seven days from the date of the order for constructive service and that the period of newspaper publication of such notice was therefore not in *strict* accord with the above cited Florida Statutes regulating same. It is conceded by the husband that the notice was not published for a full period of twenty-eight days but was only published twenty-seven days prior to the return day thereof. The Florida court

recited by its order confirming a decre pro confesso that it had acquired jurisdiction and shortly after this a decree of divorce was granted in the Florida case. The wife in the meantime, still being in New York, instituted a suit there against the husband for separate maintenance and support. This suit, based on personal service on the husband, was brought May 14, 1927, and on February 5, 1929, the wife's bill for separate maintenance and support was finally decided against her and dismissed by the New York Courts.

The ground of dismissal of the New York proceedings appears to have been that the matrimonial domicile of the parties was in Florida and not in New York at the time the New York suit was instituted. The New York court in reaching its decision referred to the fact that the Florida court had so held by granting to the husband a final decree of divorce, by reason of which the New York suit between the same parties would not lie. The decree of the New York Supreme Court was upheld by the Court of Appeals of that State, which is the highest appellate court in that jurisdiction.

After the New York proceeding was finally terminated, the wife came back to Florida, made an investigation of the record in the divorce proceeding which had been carried to a conclusion against her here, and finding the above mentioned technical defect in the manner of publication in the newspaper of notice of constructive service against her in that suit, thereupon filed the bill of complaint in the nature of a bill of review which forms the basis of the proceeding now before this court on this appeal.

In Shrader vs. Shrader, 36 Fla. 502, 18 Sou. Rep. 672, this Court held that in divorce proceedings where constructive service is attempted, if there is a failure to pursue the essential requirements of the statute, the decree rendered on such illegal constructive service is void as to the parties who have not appeared or plead in the case. It

was further held in that case that where the court in a divorce proceeding had acquired no jurisdiction over the person of the defendant by reason of defective constructive service by publication upon her, that such defendant in the original suit was entitled to file an original bill in chancery in the nature of a bill of review, whereby to assail and set aside a decree of divorce which had been rendered against her, which was null and void because of defective public service by publication.

The bill of complaint in the present proceeding is a bill in the nature of a bill of review to attack the divorce decree which was rendered in favor of the husband against the wife in the case to which we have heretofore made reference, and the predicate for it is the cited case of Shrader v. Shrader, *supra,* upon the authority of which the appellant relies for the right to maintain it.

As a reply to this bill in the court below, the husband filed a plea which is here denominated as a plea of *res judicata.* This plea sets up as a defense to the bill in the nature of a bill of review all of the proceedings which were had between the parties in the State of New York, including an adjudication made by the New York Court to the effect that because the Florida court had previously decided that it had jurisdiction to render a divorce decree to the husband that the New York Court had no jurisdiction to render a decree of maintenance and support to the wife.

The chancellor sustained the plea as good upon two grounds,—one, as a plea of *res judicata;* and, two, as a bar to the suit itself upon equitable grounds.

We are not favorably impressed with the contention that the plea was properly held good as a plea of *res judicata.* Many cases have been cited to support it on that basis, but in our opinion these cases are inapplicable to a situation such as we have here. Roche v. McDonald, 275 U. S. 449, 72 L. Ed. 365; Fauntleroy v. Lum, 210 U. S. 230, 53

L. Ed. 1039, 28 Sup. Ct. Rep. 641; Harju vs. Anderson, 133 Wash. 506, 44 A. L. R. 450; Dobson v. Pearce, 12 N. Y. 156, 62 Am. Dec. 152; Bailey v. Wilson, 103 N. Y. Supp. 1021.

In all of the cases cited, the proposition involved was whether or not a judgment of the court of one State which had been rendered to enforce a judgment of the court of another State could, when sued upon in the courts of a third State, be attacked for grounds which would have rendered the judgment unenforceable in the second State. No such situation is involved here. This is a suit filed in a Florida court setting up the contention that the very court in which it was filed had previously rendered a void decree against the complainant which should be set aside upon the basis of facts brought to the attention of the court in the bill in the nature of a bill of review which would have prevented the entry of the decree attacked had such facts been then made to appear to the court. Such a proceeding is not a collateral attack, but is a direct attack upon the decree of the Circuit Court of Polk County. The fact that an attempt had been made to collaterally attack the decree of the Circuit Court of Polk County in a proceeding between the same parties in the State of New York in which proceeding the courts of the State of New York have adjudged that the Florida decree was not subject to such collateral attack, cannot be said to be *res judicata* of a controversy in the Florida courts between the same parties respecting the Florida court's jurisdiction in the previous suit. See Coral Realty Co. v. Peacock Holding Co., decided at the present term.

This court is committed to the doctrine that the courts of this State have the right to determine whether judgments or decrees which have been entered by them on constructive service were validly entered, and have outlined the procedure by which such determination can be made. Shrader v. Shrader, *supra;* Chisolm, vs. Chisolm, 98 Fla.

1196, 125 Sou. Rep. 694; Sawyer v. Gustavson, 96 Fla. 6, 118 Sou. Rep. 577; Bryant v. Bryant, 101 Fla. 179, 133 Sou. Rep. 635.

The rights of a Florida Court to determine whether or not its own jurisdiction has been properly invoked and exercised, cannot be barred by what has been determined by the courts of any other state. The courts of this state retain at all times jurisdiction to entertain a bill or other proceeding making a direct attack upon the validity of decrees rendered here, so whatever may have been decided in some other state in a collateral proceeding, whether between the same parties or not, would constitute no bar to a proceeding in the courts of this state in which the courts of this State are called upon to determine for themselves their own jurisdiction and the regularity of their own judgments.

The chancellor, however, found that even if the plea was not good as a plea of *res judicata* that it was good as an equitable bar to the bill which had been filed by the wife against the husband to set aside the divorce decree rendered by the Polk County Circuit Court.

The record shows clearly that regardless of the time of the publication of the notice attempted to be published in the newspapers, that the wife received through the mails a copy of the notice which had been mailed to her by the Clerk of the Circuit Court.

This mailing is provided for by the statutes of this State and constituted a part of the prescribed method for making constructive service on the defendant.

At the time the husband sued his wife for divorce, the Circuit Court of Polk County had potential jurisdiction of both the parties because that was their matrimonial domicile. It also appears that such court had jurisdiction of the subject matter, because the complaint alleged and proved was a ground for divorce which was cognizable only

by the courts of this State in a suit brought in this State to assert it and obtain relief with respect to it.

It further appears that the suit for divorce on the ground of the wife's adultery was properly brought, and that an actual order of publication was made in due form, requiring her to appear in that cause on May 2, 1927, and defend herself against the charges made. Likewise it appears that she promptly received through the mails from the Clerk of the Circuit Court, a copy of the order of publication as made, advising her of the pendency of the suit, and when and where to appear and answer it, if she so desired.

Notwithstanding, however, this receipt by her of a copy of the actual notice served upon her through the mails as provided by statute, she deliberately elected to ignore whatever insufficiency appeared on the face of the order of publication, and to allow the divorce suit in Florida to proceed to decree against her without objection on her part, while she was attempting to perpetrate a fraud on the courts of New York in attempting to have those courts mulct the husband in alimony and counsel fees, which she must have known, could not have been awarded to her in view of the place of the matrimonial domicile and the charges made and pending in the Florida divorce suit.

It not only appears that the wife knew of the Florida divorce suit, but that after she had received the copy of this order of publication which had been mailed to her in connection with it, that she took it to her attorney, Max D. Steur, an outstanding New York lawyer, and sought his advice with respect to what she should do in response to it, and was by him advised of her rights in the premises. Notwithstanding all of this, she elected to ignore the Florida suit and to stand upon her rights as attempted to be asserted by her New York suit. It also appears that in the New York suit she interposed in the course of the proceedings there a stipulation which formed a part of the

record of that suit and was to the effect that the Florida divorce decree was to be considered as a valid and binding one.

It now appears that having exhausted her efforts against her husband in the New York courts, the wife has returned to Florida and is here attempting to raise alleged defects in the procedure had in the previously instituted Florida divorce proceeding, as a basis for setting aside the decree in that suit, and for obtaining affirmative relief therein, principally monetary in character, in the form of alimony, suit money and attorney's fees.

The chancellor in dismissing the wife's bill of review, held that the wife was barred from obtaining the relief she now seeks and that by reason of her conduct in the premises she is equitably estopped to have the court re-open the divorce decree rendered against her in order that she may now obtain alimony, suit money and counsel fees. We agree with the conclusion of the chancellor that the husband's plea which set up all these facts, constituted a good defense to the wife's bill, and that the plea of the husband was properly sustained and the wife's bill of complaint in the nature of a bill of review properly dismissed.

This Court is committed to the doctrine that statutes authorizing constructive service of process by publication should be strictly and exactly pursued in order to give a court jurisdiction to render a judgment by default against a party who does not appear or plead in the case and that this principle has a special application to proceedings under constructive notice by publication in divorce cases. Shrader v. Shrader, *supra*. In this case we do not depart from that rule.

But while the statute (Section 4895 C. G. L., 3111 R. G. S.) provides that the clerks shall have all orders of publication for constructive service against absent defendants published with as little delay as may be, in such newspaper as may be designated in the order, once a week for

four consecutive weeks if the defendant be stated to be a resident of the United States, it also provides that the clerk shall, within twenty days of the making of the order post a copy of the order at the door of the court house of the county *and send by mail* a copy of such notice to the defendant if the defendant's residence be shown by the bill of complaint or affidavit.

In this case every detail of the constructive service statute was followed to the letter of the law, except one elapsed day following the last publication and the return day. The bill of complaint was properly filed. The case was one in which the complainant was entitled to an order for constructive service. The affidavit was sufficient to support such an order and the order itself was properly made. The bill of complaint was filed on April 5, 1927, and the return day was May 2, 1927. The final decree was not entered until May 4, 1927. The order, as made, was duly published in the Polk County Record in Polk County on the following dates: April 5th, 12th, 19th, and 26th, all of which was duly established in the record before the court entered its final decree. To all of these proceedings the only objection which the defendant has been able to find is that May 2nd, the return day named in the order for constructive service, is twenty-seven and not twenty-eight days from April 5th, as it should have been to constitute a *strict* compliance with the statute. And this objection is attempted to be asserted by a bill of review long after it should have been urged by the present objector.

The writer is of the opinion that the statute was *substantially* complied with because the defendant was actually and personally served by mail with notice of the institution of the suit and admits receiving such notice in fact. The writer is further of the opinion that the Circuit Judge was right when he held that the resultant decree based upon substantial compliance with the statute to the extent here shown, supported by an affirmative finding by

the court expressed in an order made a part of the record in the divorce suit to the effect that the Court *had* at that time obtained jurisdiction of the parties, is not so absolutely void as to be subject to attack as a matter of right by a bill in the nature of a bill of review filed by the defendant for the purpose of raising objections at this time which could properly and just as easily, have been raised by her before the final decree of divorce was rendered. But other principles permit us to dispose of the present case without committing the Court to a decision at this time on this particular point.

A defendant may waive defects in attempted service, whether the process is actual or constructive. Such waiver is always implied from voluntary appearance without questioning jurisdiction, and it would seem that it may likewise be implied from other conduct of the defendant which may have the same effect. This court has held that where the defendant is actually served with process which may be defective in form, or subject to the objections that may be waived by the defendant, that the defendant cannot with impunity ignore the actual service of the kind of notice which he has received, but must ordinarily submit his objections in this regard to the court from which the process issued, in order to take advantage of them. Walker v. Carver, 93 Fla. 337, 112 Sou. Rep. 45.

In this case it is plain that the wife recognized to some extent at least the validity of the Florida proceeding and the Florida divorce decree by filing a stipulation in the New York courts from which such recognition is clearly to be gleaned. Whether the decree of the New York courts giving effect to this stipulation is to be held as *res judicata,* or not, as contended by appellee, it is certainly corroborative of the idea that the wife intended to raise no objection to the Florida proceeding so long as she had hopes of success in the courts of New York, in which she was proceeding in fraud of the jurisdiction of the Florida court as she

well knew at the time, and as corroborated by the findings of the Appellate Division of the New York Court concerning the residence of the parties for years prior thereto.

Laches, inequitable conduct and waiver of the right of complainant to raise any objection, may constitute a good defense to a bill in the nature of a bill of review brought to attack the validity of a divorce decree. The fact that divorce, as distinguished from some other subject of equitable cognizance, is involved, will not alone raise an equity to maintain such a bill as against equitable defenses good as against bills of this character generally.

In many cases courts of equity deny affirmative relief, leaving the parties to a transaction in the situation where they find themselves as a result of their own laches, inequitable conduct, fraud and the like, even though by so doing, they leave undisturbed and in ostensible full legal effect, acts or proceedings which would otherwise be affirmatively set aside, but for such considerations.

Without adjudicating the legal effect of the publication as made of the process in the divorce suit against the complainant in this cause, she should not be permitted to maintain this suit because of her conduct. It appears from the complainant's bill in the nature of a bill of review that she received from the clerk of the court under the statute, notice of the pendency of the divorce suit against her and had reasonable opportunity to present therein her defenses and claims for alimony, but intentionally refrained from asserting her rights in the Florida court and proceeded with her suit in the courts of New York, which courts held that her claims should have been presented to the courts of Florida. Under such circumstances, equity will not entertain a bill in the nature of a bill of review brought by the complainant to challenge the validity of a decree entered by the Florida court in a divorce suit against complainant, of which she had notice and an opportunity to be heard, but intentionally omitted

to assert her claims as to matters now sought to be presented for adjudication.

We find no error in the dismissal of the bill under the circumstances, and the decree to that effect must be affirmed.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.