## Lillian Noble Keene, Appellant, v. William J. Keene, Appellee.

### Gen. No. 30,229.

1. DIVORCE—*prerequisites to jurisdiction to entertain petition for modification of alimony allowance.* Under the provisions of Cahill's St. ch. 40, ¶ 19, the court is without jurisdiction to consider or act upon a petition for modification of an allowance of alimony unless such allowance was made at the time the decree of divorce was entered, or jurisdiction of the subject was reserved therein.

2. DIVORCE—*construction of divorce decree as to intention of court to reserve jurisdiction to modify alimony allowance fixed by agreement between parties.* Where an agreement between the parties to a suit for divorce touching the matter of alimony was not incorporated in the divorce decree, the fact that the court recited, in its findings, "that adequate provision has been made by the defendant for the support and maintenance of complainant * * * evidenced by a written agreement between the parties exhibited to this court," does not show an intention on the part of the court to reserve jurisdiction to modify the allowance of alimony made by such agreement, especially where the court, on making the decree, struck therefrom a provision expressly reserving such jurisdiction.

3. DIVORCE—*construction of divorce decree as to intention of court to reserve jurisdiction to modify alimony allowance fixed by agreement of parties.* No intention on the part of the court, in decreeing a divorce, to reserve jurisdiction of the subject of alimony, can be inferred from the fact that the decretal order, after decreeing that the bonds of matrimony between the parties are wholly dissolved and the parties forever freed from the obligations thereof, adds, "and that, except as provided for by statute, all duties, titles, rights, claims and obligations accruing to either of said parties by reason of said marriage shall henceforth cease and be determined and they are hereby forever terminated," especially where it ap-

pears that the court struck from the decree a provision thereof expressly reserving jurisdiction of the subject of alimony.

4. DIVORCE—*when want of jurisdiction to entertain petition for modification of alimony allowance not waived.* Want of jurisdiction in the court to consider a petition to increase an allowance of alimony, arising from the fact that the decree contained neither a provision for alimony nor one reserving jurisdiction of that subject, is not waived by taking issue on the averments of the petition for such increase, where such course on the part of the defendant resulted from the erroneous ruling of the court upon defendant's demurrer to the petition, induced by the form of the averments thereof.

5. DIVORCE—*averment of fraud in procuring agreement fixing alimony allowance as giving jurisdiction to entertain petition to modify allowance, notwithstanding want of jurisdictional requirements fixed by Cahill's St. ch. 40, ¶ 19.* Absent the jurisdictional prerequisites to a consideration of a petition for modification of an allowance of alimony pursuant to Cahill's St. ch. 40, ¶ 19, the court is without jurisdiction to take cognizance of averments in such petition to the effect that the signature of the complainant to the agreement providing for such alimony was procured by fraud, notwithstanding the petition included a prayer for "any other equitable relief."

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. THOMAS LYNCH, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1925. Affirmed. Opinion filed July 13, 1926.

TAYLOR, MILLER, DICKINSON & SMITH, for appellant.

GOOD, CHILDS, BOBB & WESCOTT, for appellee; DWIGHT S. BOBB and F. M. HARTMAN, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This is a divorce suit. By a decree entered therein June 23, 1921, appellant (the complainant) was granted a divorce from appellee.

On the theory that the court still retained jurisdiction of the subject of alimony appellant at a subsequent term, December 7, 1923, filed her petition in the case, setting forth an agreement between the parties

for the support and maintenance of appellant, which was made outside of court before entry of the decree, and by which she was to receive an annuity of $2,000 and a trust fund was to be established for their minor child. The rights of the latter are not here involved. The petition avers that by such agreement appellee agreed and "was ordered to pay" petitioner the sum of $2,000 per year as alimony allowance, and, after setting forth in substance that she was induced to sign said agreement by false representations and fraudulent concealment of appellee's financial condition, prays that appellee may be ordered to pay her a sum of money "in excess of $2,000 per year" and for such other relief as shall seem just and fair.

A demurrer to the petition, alleging, among other things, that the decree and said agreement constituted a bar to the maintenance of the petition and the relief prayed for, was overruled. Respondent then filed a plea, which was also overruled and need not be discussed. Under rule of the court he then filed his answer, and among other denials took issue on the averments in the petition, that in and by the final decree for divorce the court "ordered payment of the sum of $2,000 as alimony allowance," and that he made false representations and fraudulent concealment of his financial condition when the agreement was entered into. The answer pleaded many immaterial matters, and, in substance, that pursuant to petitioner's agreement not to ask for or receive alimony in said divorce suit, a provision reserving jurisdiction of the allowance of alimony was stricken out of the draft of the decree finally consented to.

After a hearing on these issues the court entered a decretal order finding that it was without jurisdiction to modify the decree of divorce, and dismissed the petition. From such order this appeal is taken.

It has been settled beyond controversy that before an allowance for alimony can be considered or modi-

fied, under the provisions of section 18 of the Divorce Act [Cahill's St. ch. 40, ¶ 19], such allowance must have been made at the time the decree was entered. (*Kelley v. Kelley,* 317 Ill. 104; *Herrick v. Herrick,* 319 Ill. 146; *Smith v. Johnson,* 321 Ill. 134.) In the instant case the decree of divorce neither made an allowance for alimony nor reserved jurisdiction of the subject. Mere inspection of it should have led the court to sustain the demurrer to the petition. But it evidently viewed the petition as presenting questions of fact on that subject, and required the parties to take issue accordingly, petitioner alleging, and respondent denying, among other things, that the decree provided for the payment of $2,000 a year alimony. The agreement providing for such payment was not incorporated in the decree nor in any way made a part thereof. The only reference in the decree to the agreement or the subject of alimony is in the recital of the court's findings, "that adequate provision has been made by the defendant for the support and maintenance of complainant * * * evidenced by a written agreement between the parties hereto exhibited to this court." It is mainly upon this recital that appellant bases her contention that the decree provides for alimony. But such reference is entirely consistent with the frequent practice of settlement for alimony out of court and tends to explain why no provision for alimony, as prayed for in the bill, was made by the court. The court, notwithstanding such agreement, could have exercised its power to grant alimony if it saw fit to do so, or by consent of the parties have incorporated the agreement in the decree as a provision for alimony, as was done in the *Herrick* case. It did neither but left the matter resting in contract between the parties, as manifestly intended by the terms of the instrument itself.

In *People v. Spring Lake Drainage & Levee Dist.*, 253 Ill. 479, it was held that a decree dismissing a suit as per a stipulation therein and made a part of the record of the court did not make such stipulation a part of the decree of the court. But here there is even no semblance of such an understanding. As we read the decree in the instant case it is unambiguous, and no necessity, therefore, arose for resort to aid for its construction. After finding the necessary jurisdictional facts and that adequate provision has been made for the support and maintenance of both the wife and minor child by agreement between the parties, the decree, without any further reference to the agreement or the subject of alimony, proceeds in its decretal part merely to order a dissolution of the marriage.

Appellant argues that a part of the decretal order "gives color" to an intention to reserve jurisdiction of the subject of alimony, because after expressly decreeing that the bonds of matrimony are wholly dissolved and that the parties are forever freed from the obligations thereof, it adds, "and that, except as provided for by statute, all duties, titles, rights, claims and obligations accruing to either of said parties by reason of said marriage shall henceforth cease and be determined and they hereby are forever terminated." This language is mere surplusage. It adds nothing to the decree. To construe it as an intention to reserve jurisdiction of the court over the subject of alimony with no words of express reference to the subject, ignores the element of certainty which should characterize all decrees. It cannot reasonably be supposed that the court in dealing with such a common and important subject would not have employed more direct and explicit language to express such an intention. It would not be left to conjecture or remote implication.

But if it could be said that there is ambiguity in the decree as would authorize the court in looking to

the record to construe it, yet the facts appearing in the certificate of evidence that the court struck from the draft of the decree an express provision reserving jurisdiction of the subject of alimony, and was told by complainant while on the witness stand that she was satisfied with the financial arrangement that had been made for her "outside of court," confirm the conclusion that the above-quoted language of the decree was not intended to reserve jurisdiction of the subject of alimony. "A decree for divorce is like a final decree in any other case and cannot be changed except in so far as the statute granting the power to award alimony to the wife authorizes the court to alter it to meet new conditions." (*Herrick v. Herrick, supra.*) As, therefore, the decree made no provision for alimony it was not subject to modification under section 18 of the Divorce Act, and the court, therefore, had no power to entertain a petition therefor. The cases above cited are conclusive on that subject.

The contention of appellant that appellee waived the question of jurisdiction by taking issue on the averments of the petition and going to a hearing thereon is untenable. True, appellee was led by the court's rulings in support of the petitioner's contention to make an issue of fact of what could have been decided by an inspection of the decree, and the court accordingly heard extrinsic evidence bearing on its construction. As the form of the averments in the petition apparently led the court into this error, we think appellant is in no position to charge the consequences thereof to appellee. The authorities relied on to support appellant's contention of waiver of jurisdiction are not pertinent. The court finally and properly decided, even on the evidence, that it did not have jurisdiction to entertain the petition, as the decree did not contain any provision or order for the payment of alimony or any provision reserving the ques-

tion of alimony, and was binding as a final decree upon the parties and upon the court.

But appellant's counsel also contend that the case having gone to a hearing on the issue of fraud, appellant was entitled to a decision on that subject. The charge of fraud has no place in a petition of this kind except as it might bear on the question of a change of conditions that would authorize the exercise of the court's power,to modify a decree that provides for alimony. While the petition prayed for "any other equitable relief" its function was not that of an independent bill in equity, and could not be so treated. The court could not entertain it on any other theory than as an application to change the decree as provided by section 18 of the Divorce Act, and had no jurisdiction under that form of procedure to inquire into the claim of fraud in the procuration of the contract. (*Smith v. Johnson, supra.*) The court manifestly considered the question of fraud only so far as it had a bearing on its authority to modify the decree as to alimony, if the decree was to be construed as making an allowance therefor. Whether, therefore, we view the court's order as based on a conclusion of law or of fact as to its jurisdiction its order dismissing the petition was the only one it could properly make. Accordingly it is affirmed.

*Affirmed.*

GRIDLEY, P. J., and FITCH, J., concur.