William Gottlieb, Appellee, v. S. A. Crowe, Jr., and J. O. Stoll. J. O. Stoll, Appellant.

Gen. No. 39,229.

MATCHETT, P. J., dissenting.

Opinion filed April 5, 1937. Rehearing denied April 19, 1937.

ALBERT W. FROEHDE, of Chicago, for appellant.

SAMUEL M. BLOOMBERG and LEO SEGALL, both of Chicago, for appellee; SAMUEL M. BLOOMBERG, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action to recover the face value of three bonds of $500 each, with interest thereon, against the defendants on their guaranty to pay the bonds. Crowe was not served with process and did not enter his appearance. Stoll will hereinafter be referred to as the defendant. There was a trial before the court without a jury, and a finding and judgment in plaintiff's favor for $1,583, the amount of his claim, and defendant appeals.

The record discloses that January 15, 1927, the "Ten Fifteen North Clark Building Corporation" issued its construction bonds aggregating $250,000. Some years afterward the building corporation was financially embarrassed and filed its proceeding in the District court of the United States for the Northern District of Illinois, Eastern Division, under 77-B of the Bankruptcy Act, as amended. November 26, 1934, the United States District Court entered a decree confirming a plan of reorganization of the property. The decree finds the plan for reorganization filed by the debtor had been referred to Referee Adcock, as special master; that the court considered the report of the master and the petition for confirmation of the plan and finds that the petition of the debtor was filed June 20, 1934, pursuant to the provisions of section 77-B of the Bankruptcy Act; that September 25, 1934, the debtor filed its proposed plan for reorganization and a hearing thereon was set for November 5, 1934, and notice given to all creditors and stockholders of the debtor by publication and by mail;

that thereafter the plan was referred to Special Master Adcock and after a hearing he made his report on November 21, 1934, in which it was found that the plan was fair and equitable; that "It complies with the provisions of subdivision (b) Section 77-B of the Bankruptcy Act"; that the plan provided it should not become effective until accepted by the required number of creditors; that the plan was presented in good faith.

The court further found that on June 20, 1934, and thereafter the debtor was unable to meet its debts as they matured and unless relief were granted by the court great loss would occur to its creditors and stockholders; that the plan for reorganization had been accepted in writing by more than two-thirds of a certain class of its creditors and more than a majority of another class of creditors; that no objections were made to the plan, and it was ordered and decreed that the report of the Referee Adcock, as Special Master, be approved; that the plan and order of confirmation be binding upon the debtor, all stockholders and "all creditors, secured or unsecured, whether or not affected by the Plan, and whether or not their claims shall have been filed, and if filed, whether or not approved, including creditors who have not, as well as those who have, accepted." The plan provided for the organization of a new corporation and that for each $100 of first mortgage bonds issued by the debtor there be issued to the owners one share of common stock in the new corporation known as the Olympic Hotel Building Corporation; and the plan further provided for the payment of certain overdue interest to the bondholders, and that "the personal guaranty of J. O. Stoll and S. A. Crowe, Jr., of said First Mortgage 6½% Gold Bonds shall be cancelled and surrendered in consideration of the transfer of all the assets of said Debtor to the Olympic Hotel Building Corpora-

tion and the surrender of the said Common Stock of the Debtor''; and that all claims and rights of stockholders and creditors of the debtor upon the confirmation of the plan be discharged and cancelled and the only rights of such stockholders and creditors shall be those accruing to them in and through the securities to be issued by the new corporation. It further appears that notice of the hearing for the purpose of considering the plan was given to plaintiff; that after the plan was approved it was fully carried out and bonds aggregating $206,000, which was 96 per cent of the total bonds outstanding, had been surrendered and canceled.

It further appears that creditors of the same class as plaintiff in the instant case, filed written objections to the cancellation of the guaranty of the defendant and moved that the confirmation of the plan, as approved by the District Court, be vacated. The objections were referred to a special master to take evidence and make up his report and recommendation. The master heard the evidence and recommended that the objections be overruled and the court followed the recommendations of the master. All of the assets of the debtor have been transferred to the new corporation, the Olympic Hotel Building Corporation.

Plaintiff did not appear in the proceedings in the district court, but during the pendency of the instant case in the municipal court of Chicago he filed his verified petition in the District Court, in which he set up the ownership of the three bonds of $500 each and that he had not approved or accepted the plan of reorganization theretofore confirmed by the District Court, and averred that the District Court did not have the power to cancel the written guaranty of the defendant. And the prayer was that the District Court enter an order vacating or modifying the decree so as to eliminate the cancellation of the guaranty. The debtor filed a veri-

fied answer to the petition in the District Court, in which it set up what had been done in that court, including the cancellation of the guaranty, and that plaintiff had been given a number of notices of the several hearings of the matters pending in the District Court. The District Court considered the petition and the answer and entered an order again refusing to modify the decree of the District Court approving the plan of reorganization.

Counsel for plaintiff contend that the District Court was without authority to cancel the guaranty and therefore the judgment of that court is not *res adjudicata*. The District Court expressly found that the debtor had complied with all the provisions of section 77-B of the Bankruptcy Act and construed the Bankruptcy Law as authorizing the cancellation of the guaranty. That court on two occasions expressly passed on this question, viz., when creditors of the same class raised the question as above stated, and afterward when plaintiff in the instant case again raised the question. The question was there squarely put in issue and if plaintiff or the other creditors were dissatisfied with the decision of the District Judge they should have appealed from his decision to the United States Circuit Court of Appeals, where they probably would have obtained relief. *In re Diversey Bldg. Corp.,* 86 F. (2d) 456. Plaintiff cannot now complain. *Chamblin v. Chamblin,* 362 Ill. 588.

In this state of the record, we would not be warranted in disturbing the judgment of the District Court in this collateral proceeding unless it was clear that the District Court was wholly without jurisdiction, and this we are unable to say.

For the reasons stated the judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*

McSurely, J., concurs.

(See next page.)

MATCHETT, P. J., dissenting: Under the decision in *In re Diversey Bldg. Corp.,* cited in the opinion, the Federal Court was wholly without jurisdiction of the subject matter of this guaranty and its order is therefore void.