State Bank of Jerseyville, Appellee, v. G. G. Reardon. N. D. Reardon, Executor of Estate of G. G. Reardon, Deceased, Appellant.

Gen. No. 9,130.

Opinion filed April 24, 1939. Rehearing denied October 3, 1939.

NEAL D. REARDON, of Jerseyville, for appellant.

F. A. DuHADWAY and JOHN W. SUDDES, both of Jerseyville, for appellee.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

This is an appeal by defendant N. D. Reardon, executor of the will of G. G. Reardon, deceased, from a final order of the circuit court of Jersey county, Illinois, granting a countermotion by plaintiff appellee, State Bank of Jerseyville, a corporation, to strike defendant's motion to set aside a sheriff's sale of real estate made under an alias execution issued on a confessed judgment entered in vacation in said court against G. G. Reardon, since deceased, and to set aside the certificate of purchase issued to the plaintiff therein.

It appears that on February 7, 1933, judgment by confession was so taken on a promissory note with customary provision for a confessed judgment, executed by G. G. Reardon, payable to the order of the plaintiff under the name and style of State Bank of Jerseyville, which judgment was for $3,529 and costs of suit and bore five per cent interest thereafter, on which execution was issued and returned by the sheriff "Not Satisfied." The judgment was entered in the name of State Bank of Jerseyville, a corporation, and execution was issued thereon in favor of said State Bank of Jerseyville, a corporation. Subsequent thereto, the defendant maker of said note, G. G. Reardon, died testate and defendant N. D. Reardon qualified as executor of his last will and testament.

On June 20, 1933, defendant filed his first motion to set aside the above judgment and later filed an amended motion on October 14, 1933, which latter motion was withdrawn by the defendant on January 11, 1934. On June 25, 1936, an alias execution was issued on behalf of said judgment creditor, State Bank of Jerseyville, a corporation, which was served on defendant executor on June 27, 1936, and certain alleged real estate of the defendant was levied upon on that day, and sale was advertised for August 8, 1936. The executor gave notice to plaintiff of an application to set aside the judgment and stay the sale, which stay order was granted on August 5th, and on September 11th following, the motion was heard and denied and the order staying the sale under the execution was vacated and set aside.

Defendant thereupon attempted to appeal from said order to the Appellate Court of the Third District, which appeal was dismissed and leave to appeal therefrom was denied by the Supreme Court, and the mandate of the Appellate Court was duly filed with the clerk of said trial court. No supersedeas had issued on

the appeal and the real estate was readvertised for sale by the sheriff of said county under a second alias execution on October 10, 1936, at which sale the property was first offered in separate tracts and then *en masse* and so sold to the plaintiff for $4,100, from which purchase price $111.95 costs were paid and the remainder of $3,988.05 was applied toward payment of the judgment, leaving a deficiency of $189.37, and a certificate of purchase subject to statutory right of redemption was issued to the State Bank of Jerseyville and recorded on October 14, 1936.

On October 8, 1937, the defendant executor was granted leave to file a motion and supporting affidavits to set aside the above execution sale and certificate of purchase, seeking to raise certain questions which had been decided in passing upon the prior motion to set aside the judgment and certain additional grounds were therein stated. The cross motion of the plaintiff to strike same was filed with supporting affidavits on December 4, 1937, and allowed by the court, from which latter order this appeal is now pending. Both the motion and countermotion were supported by affidavits.

The first motion to set aside the judgment for alleged lack of jurisdiction, which was denied and from which the first appeal was sought to be taken, sought to set aside the judgment on the grounds that the alleged variance between the name of the bank as the same appeared in the note and the specific judgment and execution rendered the original judgment void. The dismissal of the appeal from this judgment, followed by mandate of the Appellate Court, had disposed of the questions denying the court's jurisdiction, which were settled in that case and are *res judicata* of the same issues sought to be raised upon this appeal. Where the question of the jurisdiction of the court has been raised and decided, the adjudication

of the issue precludes the raising of the question again. *Chamblin v. Chamblin*, 362 Ill. 588, 1 N. E. (2d) 73.

It is set forth in defendant's motion and supporting affidavits and controverted in plaintiff's counter-affidavits that the amount of the bid at the execution sale of real estate was raised in amount from $3,700 or $3,800 to $4,100 by plaintiff as a bidder at a later hour of the day of the sale and that the sale should therefore be set aside as prejudicial to the interest of the defendant. From the clear weight of the evidence set forth in the supporting affidavits supplementing the sheriff's return, it appears that the actual bid at the sale was $4,100, which amount was paid to the sheriff by the plaintiff bidder and applied in payment of the judgment and costs, leaving a deficiency of $189.37 unpaid.

Defendant further contends that although the return shows that the tracts of real estate sold were first offered in separate and individual parcels and then in various combinations of parcels and received no bids and "then offered the real estate all together and received a bid from the State Bank of Jerseyville for $4,100, which was the highest and best bid offered and the property was declared sold," the return showing offer of sale first separately and then *en masse* should have given more specific information concerning said offer. The return of the sheriff supplemented by supporting affidavits was amply sufficient to support the contention of the plaintiff that the same was sold to the highest bidder in compliance with statutory requirements, and no prejudicial irregularity appears in either the advertisement or sale of the premises or in the return of the sheriff therein.

Defendant further states the conclusion that the purchase price received was grossly inadequate, but no further offer was made or shown to be made by any other bidder nor do any facts appear in support of this

conclusion of the pleader that would justify the setting aside of the sale on the ground alleged.

It is further contended by the defendant that at the time of the sale, the title to the real estate had changed hands and that therefore the sale was prejudicial to the rights of defendant. The lien of the judgment had remained in effect from the time of its entry through issuance and service of successive executions, and the sale of the premises in no way prejudiced the rights of the heirs or devisees of the deceased or of persons claiming under them. Only the defendant representative of the deceased seeks to attack either the validity of the original judgment, which is now *res judicata* in this proceeding, or the sale and certificate of purchase issued thereunder, which defendant sought to set aside in the present proceeding. The defendant was given credit for the amount of the purchase price and was not prejudiced as a judgment debtor nor was he in a position to complain. *Stow v. Russell,* 36 Ill. 18, 38.

It is further contended by the defendant that the sale was not made subject to any homestead rights of the deceased, but sets forth no facts showing the existence of any homestead interests. While plaintiff sets forth that the deceased judgment creditor was unmarried, had no family and did not reside on the premises, this question was not raised in the lower court in the motion to set aside the execution sale and certificate of purchase and cannot be raised for the first time in this court upon appeal. Without discussing the merits of the defendant's contention, we are constrained to hold that by failure to raise this issue in the lower court, the defendant has waived and cannot now raise that question for the first time in this court. *Morey v. Brown,* 305 Ill. 284, 137 N. E. 210.

We have carefully examined the original and supplemental abstracts and referred to the original record

herein, and while we have not discussed in detail all the alleged errors assigned, we find that no substantial or reversible error appears in the record; that the lower court properly denied defendant's motion to set aside the sheriff's sale and certificate of purchase issued thereunder and that the countermotion of the plaintiff to strike the same was properly allowed by the trial court.

The judgment of the circuit court of Jersey county will therefore be affirmed.

*Judgment affirmed.*