## Kewanee Lumber and Supply Company, Appellant, v. Guest Laundry Company et al., Appellees.

### Gen. No. 9,541.

Opinion filed September 19, 1940.

James N. Cummings, of Kewanee, for appellant.

Andrews & Young, of Kewanee, for appellees.

Mr. Justice Dove delivered the opinion of the court.

On March 11, 1935, William L. O'Connell, the then receiver of the Kewanee State Savings Bank and Trust Company, filed a complaint in the city court of the city of Kewanee, Henry county, Illinois, to foreclose

a trust deed theretofore executed by the Guest Laundry Company. This trust deed was dated February 17, 1932 and conveyed lot 4 in block 22 of the original town, now city of Kewanee in Henry county, Illinois to Robert L. Taylor, trustee to secure the payment of a note for the principal sum of $15,000. In that proceeding the Kewanee Lumber and Supply Company, appellant herein, was made a defendant and it appeared by counsel and filed its motion to dismiss on the ground that the instant suit was pending in the circuit court of Henry county. There was a hearing upon this motion in the city court and on June 5, 1935, the motion was overruled. Thereafter this defendant, the Kewanee Lumber and Supply Company answered. The cause was referred to the master and on August 18, 1937, a decree of foreclosure and sale was entered by the city court of Kewanee. By this decree the receiver of the Kewanee State Savings Bank and Trust Company was found to have a valid first lien upon the property described in the trust deed executed by the Guest Laundry Company dated February 17, 1932, and that the Kewanee Lumber and Supply Company did not have a valid lien on said property. From that decree the Kewanee Lumber and Supply Company appealed to this court but, its appeal was, by this court, dismissed.

On July 17, 1934, appellant, Kewanee Lumber and Supply Company, filed the instant complaint in the circuit court of Henry county to foreclose a lien on said lot 4 in block 22 in the original town now city of Kewanee, in Henry county, Illinois. To this complaint the Guest Laundry Company, the owner of said lot and the maker of the trust deed which was foreclosed in the city court of Kewanee by the decree of August 18, 1937, together with William L. O'Connell, the then receiver of the Kewanee State Savings Bank and Trust Company, were made defendants. The receiver, William L. O'Connell filed his motion to strike the com-

plaint. Thereafter and on February 14, 1938, the Kewanee Lumber and Supply Company by leave of court filed its amended complaint alleging that on November 30, 1930, it entered into an oral contract with the Guest Laundry Company by the provisions of which it furnished certain building materials for the purpose of making certain improvements on the building of the Guest Laundry Company located on said lot 4 in block 22 of the original town of Kewanee, said materials so furnished by the plaintiff to the Guest Laundry Company being of the value of $2,532.52. The complaint alleged that Charles H. Albers succeeded William L. O'Connell as receiver of the Kewanee State Savings Bank and Trust Company and that as such receiver he claimed to have an interest in said property by reason of the trust deed executed by the Guest Laundry Company which Albers held as receiver. In the amended complaint it was alleged that the claim of the Kewanee Lumber and Supply Company was superior to the claim of Albers or of any other person or persons, and by it the Kewanee Lumber and Supply Company sought a decree finding that the sum of $2,532.52 was due it from the Guest Laundry Company and that it had a lien against said lot 4 in block 22 of the original town of Kewanee and that its lien is prior to the lien of Charles H. Albers receiver by virtue of said trust deed executed by the Guest Laundry Company to Robert L. Taylor, trustee. To the amended complaint the defendant Charles H. Albers as receiver for the Kewanee State Savings Bank and Trust Company filed its motion to dismiss supported by affidavit setting forth the proceedings theretofore had in the city court of the city of Kewanee. On March 5, 1938, the Kewanee Lumber and Supply Company filed its countermotion to dismiss the motion of Albers which was filed on February 23, 1938. These motions were heard and the countermotion of the Kewanee Lumber and Supply Company was denied and the motion of

Charles H. Albers, receiver was sustained, and the suit was dismissed at the cost of the plaintiff and from that decree the Kewanee Lumber and Supply Company has perfected this appeal.

Counsel for appellant contend that when the Kewanee Lumber and Supply Company filed its complaint in the circuit court of Henry county to foreclose its lien and made the receiver of the Kewanee State Savings Bank and Trust Company and other persons defendants, the circuit court thereby acquired jurisdiction for all purposes and the decree which the city court of the city of Kewanee thereafter rendered which established the validity of the lien of the trust deed which the receiver was foreclosing and which also established the invalidity of the lien of appellant upon the premises therein involved was absolutely void and of no force and effect.

In support of appellant's contention counsel cite *Nolan v. Barnes,* 268 Ill. 515; *Chicago City Bank & Trust Co. v. Paschong,* 287 Ill. App. 1; *Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co.,* 177 U. S. 51. In this latter case the Farmers Loan and Trust Company, as trustee filed its bill to foreclose a trust deed in the United States Circuit Court for the Northern District of Illinois. Its bill was filed at 10:35 o'clock in the morning of January 30, 1896. Shortly thereafter, but on the same day, the Lake Street Elevated Railroad Company, the defendant in the suit filed in the United States Circuit Court, filed in the Superior Court of Cook County its bill praying that the Farmers Loan and Trust Company, the plaintiff in the suit brought in the Federal Court be removed as trustee under the trust deed sought to be therein foreclosed, that the court appoint a new trustee and that the Farmers Loan and Trust Company be enjoined from prosecuting its suit in the Federal Court. The superior court granted the relief sought and enjoined the Trust Company from taking any further steps to

foreclose or act as trustee under the trust deed. This decree was affirmed by the Appellate and also by the Supreme Court of this State (68 Ill. App. 666 and 173 Ill. 439). Upon a further review by the United States Supreme Court, that court reversed those judgments and decree and held that upon the filing of the bill by the Farmers Loan and Trust Company to foreclose its trust deed in the Federal Court that court acquired jurisdiction to hear and determine all controversies relating to said foreclosure proceeding and that having first acquired such jurisdiction its jurisdiction was exclusive and the superior court of Cook county, being a court of co-ordinate jurisdiction, was disabled from exercising a like power.

In *Chicago City Bank & Trust Co. v. Paschong, supra,* it appeared that on August 1, 1936, the county treasurer of Cook county filed in the circuit court of Cook county a complaint asking for the appointment of a receiver for certain premises upon which the taxes had not been paid and for leave to apply the income from those premises on the unpaid taxes accruing prior to January 1, 1934. The Sixty-third and Halsted Realty Company was the lessee of the premises and was made a party defendant. Thereafter and on August 6, 1935, the realty company filed its complaint in the superior court of Cook county asking, among other things, for the construction of its lease and that the county treasurer be restrained from proceeding further under his pending suit. On January 13, 1936, a suit to partition the leased premises was filed in the circuit court of Cook county, and subsequently, that court appointed a receiver and directed the receiver to pay out certain sums of money to certain parties. From that order the Sixty-third and Halsted Realty Company appealed, insisting that the appointment of a receiver by the circuit court in the partition suit was an unwarranted interference with the prior and superior jurisdiction of the superior court over the same subject matter. In sustaining this

contention, the Appellate Court held that the appointment of a receiver by the circuit court was an attempt by that court to oust the superior court of its jurisdiction over a subject matter which it had obtained long prior to the filing of the petition for the appointment of a receiver and in the course of its opinion said, "It has been held in many cases, that where two courts each take jurisdiction of a matter, that court in which the first action was brought, if the action be of a character that makes the court's dominion over the res essential to its judgment, will acquire jurisdiction of the res on the commencement of the action and retain it to the end."

In *Nolan v. Barnes, supra,* a bill was filed by the conservator of Annie M. Nolain in the circuit court of Cook county to set aside a deed and contract on the ground that they were obtained by fraud and undue influence. Thereafter the incompetent person died, and an amended and supplemental bill was filed and upon the hearing, a certified copy of a record declaring heirship of Annie M. Nolain made in the probate court of Cook county was offered in evidence. The Supreme Court held that this order was not competent evidence in the circuit court in the chancery suit against other parties to the proceeding in the circuit court because the order of heirship was made in an *ex parte* proceeding subsequent to the time the chancery proceeding was instituted. In the course of its opinion, the court said: "It is elementary that the court first lawfully obtaining jurisdiction will retain it until the end of the controversy and to the exclusion of all others; also, that no other court, even of concurrent jurisdiction can or will make findings or orders which have any bearing upon the issues in the court originally entertaining the cause."

The foregoing authorities clearly state correct rules of law but they are not applicable to the facts as disclosed by this record. This is not an appeal from the

decree of the city court of the city of Kewanee but is an appeal from the decree of the circuit court of Henry county dismissing the complaint of the Kewanee Lumber and Supply Company wherein it sought to have a lien declared upon the very premises involved in the foreclosure proceedings in the city court and which resulted in a decree of the city court of the city of Kewanee establishing the validity of the trust deed therein foreclosed and the invalidity of the claim and alleged lien of appellant upon the same premises. The cases and authorities relied upon by appellant do not hold that where a court has jurisdiction to hear and determine a case and then acquires jurisdiction of the parties thereto and proceeds to a final decree that such a decree is void, because another suit is pending and undisposed of which was filed previously to the case that has proceeded to a final decree. What the authorities relied upon by appellant hold is that upon a direct attack such a decree is erroneous and will be reversed. Appellant concedes that the city court of Kewanee had concurrent jurisdiction with the circuit court of Henry county of the subject matter in litigation in this proceeding and that the city court of Kewanee acquired jurisdiction of the parties thereto and that it proceeded to a final decree and that all questions as to the jurisdiction of the city court of the city of Kewanee, as well as the merits of the controversy, were finally passed on and settled by the final decree of the city court after appellant had vigorously litigated those questions in that court.

In *Miller v. Rowan,* 251 Ill. 344, the distinction between want of jurisdiction and erroneous exercise of jurisdiction was pointed out and it was there said that a decree is not binding upon anyone unless the court rendering the same had jurisdiction of the parties and the subject matter of the cause and that jurisdiction of the subject matter is the power to adjudge concerning the general question involved. "If a bill," said the

court, "states a case belonging to a general class over which the authority of the court extends, the jurisdiction attaches and no error committed by the court can render the judgment void. If the court has jurisdiction, it is altogether immaterial, when the judgment is collaterally called in question, how grossly irregular or manifestly erroneous its proceedings may have been. The judgment cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached. Such a judgment is binding on the parties and on every other court unless reversed or annulled in a direct proceeding and is not open to collateral attack."

The doctrine of *res adjudicata* applies in this case. It is well settled that where a court's jurisdiction to render a particular decree has once attached, a final adjudication of the issues involved in that proceeding precludes the raising of the same questions again. The adjudication is binding upon the parties to the proceeding and applies not only to all matters that were litigated but to all others that might have been litigated. *Dillenburg v. Hellgren,* 371 Ill. 452; *Chamblin v. Chamblin,* 362 Ill. 588. It is the first judgment for the same cause of action that constitutes an effective defense, without regard to the order of time with which the suits were commenced, 34 C. J. 758. And an adjudication in a suit commenced after the institution of another suit between the same parties may be conclusive as to the matters arising in the suit first begun, 34 C. J. 886. A new suit on the same cause of action cannot be maintained by the same parties and this rule applies to every question falling within the purview of the original action both in respect to matters of claim and of defense and this estoppel applies in all other actions whether commenced before or after the action in which the adjudication was made, 15 R. C. L. 964.

It is apparent that the entire matter in controversy in this proceeding has already been adjudicated by the

city court of the city of Kewanee. That court had jurisdiction of the subject matter and acquired jurisdiction of the parties and its decree cannot be collaterally attacked in this proceeding. The decree appealed from will be affirmed.

*Decree affirmed.*