## Anna F. Stephens, Appellee, v. William Stephens, Appellant.

### Gen. No. 9,853.

Opinion filed April 28, 1943. Rehearing denied June 23, 1943.

Woolsey, Stickney & Lucas, of Galesburg, for appellant.

Hardy, Hardy & Witherell, of Galesburg, for appellee; E. D. Hardy, of Galesburg, of counsel.

Mr. Justice Wolfe delivered the opinion of the court.

On August 5, 1941, Anna F. Stephens filed a suit in the circuit court of Knox county, Illinois, seeking a divorce from her husband, William Stephens. In her complaint, she states that she and William Stephens were lawfully married in Burlington, Iowa, on February 1, 1941. She alleges as a cause for a divorce that

her husband, William Stephens, was guilty of extreme and repeated cruelty towards her. Her complaint was verified.

On August 30, 1941, the defendant, William Stephens, filed his answer to the complaint in which he admitted that he and the plaintiff were married at Burlington, Iowa, on February 1, 1941, but denied all the other material allegations of the plaintiff's complaint. On October 7, 1941, leave was granted to the plaintiff to file an amended complaint. In her amended complaint, she charges that her marriage to the defendant at Burlington, Iowa, was null and void, because prior thereto, William Stephens had been lawfully married to one, Harriet Rea Stephens; that said Harriet Rea Stephens is still living and that the said William Stephens fraudulently procured a divorce from the said Harriet Rea Stephens in Las Vegas, Clark county, Nevada; that he practiced fraud and deceit upon the court in so procuring the divorce, and that he was not a bona fide resident of the State of Nevada at that time. This complaint was also verified by Anna F. Stephens. The defendant entered a motion to strike this complaint, which was overruled.

The defendant filed an answer to the plaintiff's amended complaint, and alleged that the marriage on February 1, 1941, was a legal and valid marriage. He denies that there was any fraud, or any misrepresentation or deceit in the procuring of the Nevada divorce, but alleges that the same is a valid and existing divorce.

In addition to the answer, the defendant, William Stephens, filed a counterclaim against the plaintiff for separate maintenance. This court is not concerned with this part of the litigation, so the substance of the counterclaim will not be noted. In the counterclaim also was a prayer for an accounting between the counterclaimant, and the plaintiff. Attached to the answer and to the counterclaim was a copy of the decree of divorce between William Stephens and Har-

riet Rea Stephens procured by William Stephens in the district court of the State of Nevada. The decree is as follows:

"IN THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY
OF CLARK

William Stephens,
      Plaintiff
   vs.
Harriet Rea Stephens,
      Defendant
        No. 7992

DECREE OF DIVORCE

"This action coming on regularly for trial before the Court on this 29th day of January, 1938, Ham & Taylor appearing as attorneys for the plaintiff, the defendant having been duly served with summons and having failed to appear, plead or answer within the time provided by law and the default having been regularly entered against the said defendant, upon the complaint of the plaintiff and all the records and files herein, and the plaintiff introducing evidence in support of the allegations of his complaint, the defendant not introducing evidence, and the Court being fully advised in the premises,

THE COURT FINDS:

1. That the plaintiff is now, and for more than six weeks last past, immediately preceding the filing of this action, has been a bona fide resident of the County of Clark, State of Nevada, and has continuously resided and been physically present and domiciled during all of said period in said County of Clark.

2. That the plaintiff and defendant intermarried at the City of Mt. Sterling, State of Illinois, on or about the 22nd day of June, 1898, and they ever since have been, and still are, husband and wife.

3. That there are no minor children the issue of said marriage.

4. That there is no community property of the parties hereto.

5. That the defendant has, since said marriage, been guilty of extreme cruelty toward the plaintiff; and that plaintiff's health was and is thereby and therefrom impaired.

6. That all the allegations of plaintiff's complaint are true.

"Now, THEREFORE, by reason of the law in such cases made and provided, and the Court deeming this a proper case therefor, on motion of Ham & Taylor, Attorneys for plaintiff,

"IT IS ORDERED, ADJUDGED AND DECREED that the bonds of matrimony now and heretofore existing between the plaintiff, William Stephens, and the defendant, Harriet Rea Stephens, be, and the same are hereby wholly dissolved, and a decree of absolute divorce is hereby granted plaintiff.

"Dated and Done in open court the 29th day of January, 1938.

Wm. E. Orr, District Judge.

Law Offices
Ham & Taylor
Las Vegas, Nevada.''

To the answer of the defendant to the amended complaint, the plaintiff filed her reply. The plaintiff entered a motion to strike the counterclaim. The motion was argued before the court, and sustained and the counterclaim of the defendant was stricken. The case was tried before the court on the amended complaint and answer, and the court held that the divorce of William Stephens which he procured in the State of Nevada, was null and void, and entered a decree annulling the marriage between the plaintiff and the defendant. It is from this decree that the defendant has perfected an appeal to this court.

It will be observed from an examination of the divorce decree that it recites that the defendant, Harriet Rea Stephens, had been duly served with summons to appear and plead, or answer to the complaint filed by William Stephens, as provided by the law of the State of Nevada; that a default was entered against the defendant, and then the plaintiff introduced evidence to sustain his complaint.

The court specifically found, that the plaintiff was then and for more than six weeks immediately preceding the filing of the action, had been a bona fide resident of the county of Clark in the State of Nevada, and had continuously so resided, and had been physically present and domiciled during all of said period in the said county of Clark. The decree recites that the court had jurisdiction of the parties and of the subject matter of the suit.

It becomes a question of whether or not the courts of the State of Illinois will give full faith and credit to a decree of divorce in the State of Nevada. This question has been finally adjudicated by the Supreme Court of the United States in the case of *Williams v. State of North Carolina*, 317 U. S. 287, 63 Sup. Ct. 207, also in L. Ed., vol. 87 at Adv. op. page 189. On page 199 of the opinion, we find this language: ''There is but one respect in which this court can, within its traditional authority and professional competence, contribute uniformity to the law of marriage and divorce, and that is to enforce respect for the judgment of a state by its sister states when the judgment was rendered in accordance with settled procedural standards. As the court's opinion shows, it is clearly settled that if a judgment is binding in the state where it was rendered, it is equally binding in every other state. This rule of law was not created by the federal courts. It comes from the Constitution and the Act of May 26, 1790, c. 11, 1 Stat. at L. 122, 28 USCA 687. Congress has not exercised its power under the Full Faith and

Credit Clause to meet the special problems raised by divorce decrees. There will be time enough to consider the scope of its power in this regard when Congress chooses to exercise it.

"The duty of a state to respect the judgments of a sister state arises only where such judgments meet the tests of justice and fair dealing that are embodied in the historic phrase, 'due process of law.' But in this case all talk about due process is beside the mark. If the actions of the Nevada court had been taken 'without due process of law,' the divorces which it purported to decree would have been without legal sanction in every state including Nevada. There would be no occasion to consider the applicability of the Full Faith and Credit Clause. It is precisely because the Nevada decrees do satisfy the requirements of the Due Process Clause and are binding in Nevada upon the absent spouses that we are called upon to decide whether these judgments, unassailable in the state which rendered them, are, despite the commands of the Full Faith and Credit Clause, null and void elsewhere."

Under the ruling in this case, it is now the law that a divorce decree that is valid in the State of Nevada is also valid in the State of Illinois. The decree of the circuit court of Knox county, Illinois, is hereby reversed and the cause remanded to that court.

*Reversed and remanded.*

MR. JUSTICE DOVE dissenting: The question which this court is called upon to determine upon this record is whether the finding of the chancellor to the effect that William Stephens was not a bona fide resident of Nevada when he procured a court of that State to grant him a divorce from Harriet Rea Stephens is sustained by the evidence. At that time Harriet Rea Stephens was a nonresident of Nevada. She was not personally served with process of summons. She was

served by publication only pursuant to an order of the district court of Clark county, Nevada, made in accordance with the provisions of the statutes of that State. The decree in that case does not recite that she was personally served with process of summons but only that she had been duly served with summons and that she defaulted.

*Williams v. State of North Carolina,* 317 U. S. 287, 87 L. Ed. —, 63 Sup. Ct. 207, does not, in my opinion, overrule *Bell v. Bell,* 181 U. S. 175. The validity of foreign divorces may be challenged in the courts of this State. And if it appears from the evidence that the domicile of the plaintiff in such a suit is fictitious, fraudulent and falsely alleged for the purpose of obtaining a divorce, our courts should so hold. The chancellor in the instant case so found and the evidence sustains his finding. The decree appealed from should be affirmed.