[Civ. No. 16409.  Second Dist., Div. Three.  Dec. 20, 1948.]

MARGARET TOMKINS, Respondent, v. RAYMOND M. TOMKINS, Appellant.

Archie McWilliam and Henry F. Walker for Appellant.

Randles & Randles for Respondent.

VALLÉE, J.—Appeal by defendant from a judgment for plaintiff establishing an order of the Superior Court of Cook County, Illinois, as a judgment of the superior court of this state, in and for the county of Los Angeles, and awarding plaintiff judgment against defendant for alimony accrued under said order.

On May 8, 1936, a decree was rendered by the Superior Court of Cook County, Illinois, dissolving the marriage between plaintiff and defendant. The decree was granted plaintiff because of desertion by defendant. There were two children of the marriage living at the date of the decree, George, then 19 years of age, and William, then 15 years of age. The decree contained this finding: "The Court FURTHER FINDS that the plaintiff, MARGARET TOMKINS, is entitled to alimony, and is also entitled to support for the minor children." It contained this adjudication: "IT IS FURTHER ORDERED, ADJUDGED and DECREED that the defendant, RAYMOND M. TOMKINS, pay unto the complainant, MARGARET TOMKINS, as and for alimony and support for the minor children, the sum of

TWENTY-FIVE DOLLARS ($25.00) per week for each and every week, beginning with the signing of this decree, the said RAYMOND M. TOMKINS to continue the said payments during the minority of the said children, or until the further order of the Court.''

Upon William's attaining his majority, defendant ceased making the payments specified in the decree. Plaintiff thereafter applied to the Superior Court of Cook County, Illinois, for a rule to show cause against defendant. The rule to show cause was referred to the chancellor who had granted the decree of divorce. On June 17, 1942, after a hearing at which both parties were present and represented by counsel, the order, which is the basis of the present action, was made. This order reads, in part, as follows: ''THIS CAUSE coming on to be heard on the petition of the plaintiff for a rule to show cause against the defendant and for other relief, and on the answer thereto of the defendant setting forth that alimony payments were to cease when the two children of the parties hereto had attained their majority, . . . and this cause having been referred back to the chancellor who had heard this cause and granted the Decree herein for his interpretation of the provisions of said Decree. This Court having jurisdiction of the parties hereto and of the subject matter hereof and being fully advised in the premises, FINDS: (a) That said payments should not have ceased when said children attained their majority; and that the plaintiff, MARGARET TOMKINS, is entitled to alimony until the further order of Court; . . . (c) That the two children of the parties hereto have attained their majority, and therefore, the defendant, RAYMOND M. TOMKINS, is entitled to a reduction in the payments awarded the plaintiff from $25 per week to $75 per month, said reduction to be retroactive as of January 25th, 1942. It Is THEREFORE HEREBY ORDERED, ADJUDGED and DECREED By this Court as follows: (a) Based on present circumstances, the defendant, RAYMOND M. TOMKINS, shall pay to the plaintiff, MARGARET TOMKINS, as and for her permanent alimony, until the further order of Court, the sum of SEVENTY-FIVE DOLLARS ($75.00) per month, retroactive as and of January 25th, 1942; (b) That the defendant, RAYMOND M. TOMKINS, shall pay to the plaintiff, MARGARET TOMKINS, as and of June 10th, 1942, the sum of SEVENTY-FIVE DOLLARS ($75.00), as and for her alimony (receipt of said sum being acknowledged in open Court,) and shall pay a like amount on the tenth of each and every month thereafter, until the

further order of Court. (c) That the defendant, RAYMOND M. TOMKINS, shall liquidate the arrearage of $337.50 due the plaintiff from January 25th, 1942, to June 10th, 1942, as follows: As and of June 10th, 1942, he shall pay to the plaintiff the sum of $37.50 (receipt of said sum being acknowledged in open Court); and the balance shall be paid to her at the rate of $25 per month until said arrearage is paid in full, payable on the tenth day of each month in addition to the monthly alimony payments above set forth; . . ." No appeal was taken from this order and it became final. In Illinois an appeal lies from an order modifying a decree of divorce with respect to an award of alimony. (Ill.Rev.Stat. ch. 37, §§ 25, 32, ch. 100, § 201; see, e. g., *Keene* v. *Keene*, 241 Ill.App. 414.) Defendant complied with the order from its date June 17, 1942, until January 10, 1944.

The judgment from which defendant appeals established the foregoing order of June 17, 1942, as a judgment of the court below and awarded plaintiff judgment for instalments of alimony accrued thereunder and unpaid.

Appellant-defendant assigns the following errors as grounds for reversal, viz.: (1) that the complaint does not state facts sufficient to constitute a cause of action and that neither the complaint nor the evidence nor the findings support the judgment because it is neither alleged in the complaint nor proved by the evidence nor found by the court that plaintiff had not remarried after the order of June 17, 1942, and (2) that the order of June 17, 1942, is void and ineffective because of lack of jurisdiction of the Illinois court of the subject matter.

The complaint does not contain the negative averment that plaintiff had not remarried after June 17, 1942. There is no evidence or finding that she had not. Since 1933, the statutes of Illinois have provided that "a party shall not be entitled to alimony and maintenance after remarriage." (Ill.Rev.Stat., 1941, ch. 40, § 18; Smith-Hurd Ill.Ann.Stats., ch. 40, § 19; Jones Ill.Stats.Ann. 109.186.) This provision is deemed incorporated by implication in every Illinois decree for alimony. (*Adler* v. *Adler*, 373 Ill. 361, 371 [26 N.E.2d 504, 509], cert. den. 311 U.S. 670 [61 S.Ct. 29, 85 L.Ed. 430].) Under this provision, a defendant is absolved and discharged from making alimony payments, which otherwise would accrue, after remarriage of the plaintiff. (*Miller* v. *Miller*, 317 Ill.App. 447 [46 N.E.2d 102, 103]; *Banck* v. *Banck*, 322 Ill.App. 369 [54 N.E.2d 577].) In the latter case it was held [54 N.E.2d

584]: "We hold herein that the right of the defendant to payments due and accruing prior to the date of her remarriage became a vested right which could not be changed nor modified by the Court under Section 18 of the Divorce Act, but that future accruing payments which became due and payable under the terms of the decree subsequent to the date of her remarriage were not vested rights but were held subject to and controlled by the specific provisions of Section 18 of said act, as amended, which became binding both upon the parties to the decree and upon the Court herein and by implication a part of the decree. *Adler* v. *Adler, supra* [373 Ill. 361, 373, 26 N.E.2d 504]; *Miller* v. *Miller, supra* [317 Ill.App. 447, 448, 46 N.E.2d 102]; *Welty* v. *Welty, supra* [195 Ill. 335, 63 N.E. 161, 88 Am.St.Rep. 208]; *Bush* v. *Bush, supra* [316 Ill.App. 295, 302, 44 N.E.2d 767]; *Craig* v. *Craig, supra* [163 Ill. 176, 45 N.E. 153]. The terms of the decree as to the property rights having been fully executed by the parties and all payments of alimony which accrued and became vested thereunder, having likewise been paid to the date of defendant's remarriage, the Trial Court properly held and decreed that subsequent instalments or periodic payments were discharged by the terms of the statute. The Chancellor below did not err in releasing and absolving plaintiff from the payment of the instalments of alimony which fell due or became payable and remained unpaid subsequent to the date of September 28, 1941, when the defendant-appellant remarried, nor in releasing and discharging his real estate from any lien for the payment thereof."

*Gunderson* v. *Gunderson*, 4 Cal.App.2d 257 [40 P.2d 956], is decisive of the point. That was an action on a foreign decree of divorce for accrued instalments of alimony. The decree of divorce adjudged that the husband pay to the wife a specific sum monthly for the support of herself and a minor son until such time as she remarried; and that should she remarry, a lesser sum for the support of the minor son. The complaint on the decree was silent and the evidence was blank as to whether the plaintiff was still unmarried or was remarried at the time the unpaid instalments accrued. The trial court gave the plaintiff judgment. On appeal the judgment was reversed and it was unequivocally held that an averment of nonmarriage was essential to the statement of a cause of action. The court further held that the presumption that "a thing once proved to exist continues as long as is usual with things of that nature" (Code Civ. Proc., § 1963,

subd. 32), did not have any application as it is a rule of evidence and cannot take the place of an essential fact in a pleading.

Respondent seeks to distinguish the Gunderson case from the case at bar upon the ground that the decree in the Gunderson case expressly provided that the defendant should make payments "until such time as plaintiff should remarry," whereas there is not any such express provision in the decree now before the court. While there is no express provision in the decree under consideration the Illinois statute providing that "a party shall not be entitled to alimony and maintenance after remarriage," by implication became a part of the decree. (*Adler* v. *Adler*, 373 Ill. 361, 371 [26 N.E.2d 504, 509], cert. denied, 311 U.S. 670 [61 S.Ct. 29, 85 L.Ed. 430]; *Banck* v. *Banck*, 322 Ill.App. 369 [54 N.E.2d 577, 580].) A provision which is in the decree by implication has the same force and effect as a provision expressly set forth therein. (30 Am.Jur. § 31, p. 834; cf., *Rosher* v. *Superior Court*, 9 Cal.2d 556, 560 [71 P.2d 918].) The decree reads with the same effect as if it expressly said "while plaintiff remained unmarried."

The fact that respondent had not remarried is a prerequisite to her right to recover. It is a fact peculiarly within her own knowledge. It would be unfair and unjust to presume the continuance of respondent's unmarried status and require allegation and proof by appellant of her remarriage. An averment negativing remarriage is essential to the statement of a cause of action. Because of the failure to allege or prove that plaintiff had not remarried the judgment is without support and must be reversed. (Cf., *Laguna Land etc. Co.* v. *Greenwood*, 92 Cal.App. 570, 573 [268 P. 699].)

■ We pass to a consideration of appellant's second assignment of error. Decision of the point is compelled. If it is good, it is fatal to maintenance of the action.

Appellant appeared before the Illinois court in response to the rule to show cause. It appears on the face of the record that he there contended that his obligation to make the instalment payments required by the decree of May 8, 1936, ceased upon the younger child's attaining majority and that he challenged the jurisdiction of the court to make any order. The proper construction of the decree and the jurisdiction of the court to make any order was litigated in that proceeding. Having litigated these questions before the Illinois court, appellant is precluded from again litigating them here.

██ Where the purpose, meaning and effect of a former decree has been adjudicated in another action or in a subsequent proceeding in the same action, the second adjudication is conclusive of the purpose, meaning and effect of the first unless it is itself void on its face for lack of jurisdiction. (*Geibel* v. *State Bar,* 14 Cal.2d 144, 148 [93 P.2d 97]; *Lake* v. *Bonynge,* 161 Cal. 120, 124, 127 [118 P. 535]; *Peterson* v. *Weissbein,* 80 Cal. 38, 39 [22 P. 56].) "Having considered and passed upon the validity of the judgment in a proceeding appropriate for that purpose, the decision should be as conclusive collaterally as a decision upon any other matter which the court is authorized to entertain. Any other rule would leave the question open to endless litigation and utter uncertainty." (15 Cal.Jur. § 156, p. 79.) In *Lake* v. *Bonynge, supra,* the court stated (p. 128): "As said in *Koehler* v. *Holt Mfg. Co.,* 146 Cal. 335, 337, [80 P. 73]: 'The case comes clearly within the principle that a judgment operates as an estoppel to preclude the "parties and privies from contending to the contrary of that point or matter of fact, which, having been once distinctly put in issue by them has been, on such issue joined, solemnly found against them." ' " The court in the Lake case then quoted from Freeman on Judgments, section 323: "The tendency of the recent adjudications is to inquire whether an issue or question has been in fact presented for decision and necessarily decided, and if so, to treat it as *res adjudicata,* though the decision is the determination of a motion or summary proceeding, and not of an independent action. This is especially true when the decision did not involve a mere question of the proper form or time of proceeding, but was the determination of a substantial matter of right, upon which the parties interested had a right to be heard upon issues of law or fact, or both, and these issues, or some of them, were necessarily decided by the court as the basis of the order which it finally entered granting or denying the relief sought." The order made June 17, 1942, is res judicata as to the purpose, meaning and effect of the decree of May 8, 1936.

██ Where no provision for permanent alimony is made in a divorce decree or the provision made therein is limited as to time, or the occurrence of certain events, and the court does not reserve the power, the court may not subsequently modify the decree to grant permanent alimony or alter the limitation imposed. (*Puckett* v. *Puckett,* 21 Cal.2d 833, 841 [136 P.2d 1].) The law of Illinois is the same. (*Keene* v. *Keene,* 241 Ill.App. 414, 416.) ██ Appellant argues that

the decree of divorce of May 8, 1936, limited the payment of alimony to the occurrence of the majority of the younger child. He says that on the face of the record that event occurred prior to the rendition of the order of June 17, 1942. Consequently, so his argument runs, the court was without jurisdiction to make the latter order.

A decree of divorce of a sister state can be established in California, and when so established it has the same legal effect as a local decree of divorce, including requirement to make future instalments of alimony, together with power to enforce provisions thereof by contempt proceedings. (*Biewend* v. *Biewend*, 17 Cal.2d 108, 113 [109 P.2d 701, 132 A.L.R. 1264].) ''An order for the payment of money as alimony rendered by a court of competent jurisdiction in one state must be recognized by all other states under the full faith and credit clause of the United States Constitution as to all accrued instalments not subject to modification by the court rendering the original order.'' (*Biewend* v. *Biewend*, 17 Cal.2d 108, 110 [109 P.2d 701, 132 A.L.R. 1264].) All instalments sought to be recovered in the present action had accrued before the commencement of the action and they were not subject to modification by the Illinois court. Respondent had a vested right to them enforceable in this state under the full faith and credit clause. (*Banck* v. *Banck*, 322 Ill.App. 369 [54 N.E.2d 577, 584].)

A decree of a court having no jurisdiction to render it, is not entitled to the full faith and credit which the Constitution of the United States demands. (*Estin* v. *Estin*, 334 U.S. 541 [68 S.Ct. 1213, 92 L.Ed. 1561, 1 A.L.R.2d 1412, 1419].) The courts of this state are required to recognize a decree of a sister state only to the extent that the court of the sister state had jurisdiction. If want of jurisdiction of the subject matter is made to appear, the decree is a nullity and it may be attacked either directly or collaterally on this ground. (*Estate of Hancock*, 156 Cal. 804, 807 [106 P. 58, 134 Am.St. Rep. 177] ; *Paul* v. *Miller*, 61 Cal.App.2d 73, 77 [142 P.2d 96] ; *Perkins* v. *Benguet Consol. Min. Co.*, 55 Cal.App.2d 720, 742 [132 P.2d 70], cert. denied, 319 U.S. 774 [63 S.Ct. 1435, 87 L.Ed. 1721].)

These principles are subject to the qualification that if a court's jurisdiction to render a particular decree has once been attacked, a final adjudication of that issue precludes the raising of the question again. The question now raised by appellant was made an issue by him on the

hearing of the rule to show cause. It was litigated and decided. No appeal was taken. Having litigated the question once, he may not litigate it again. The order made June 17, 1942, is res judicata as to the jurisdiction of the court to make it. If the court of the sister state which rendered the decree has expressly litigated the question of jurisdiction, that determination is res judicata and is itself protected by the full faith and credit clause. The question may not be relitigated in this state. (*Perkins* v. *Benguet Consol. Min. Co., supra.*) In the Perkins case the court declared (p. 743) : "The rule that it always may be shown that the judgment of the other state, territory, or country subject to the jurisdiction of the United States is in excess of jurisdiction or affected with fraud, is, however, subject to the limitation that if the court of the state which rendered the judgment has expressly litigated the jurisdictional questions or the matter of fraud, that determination becomes res judicata on those points and is itself protected by the full faith and credit clause. The jurisdictional and fraud questions cannot be relitigated a second time in another state. (*Davis* v. *Davis,* 305 U.S. 32 [59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518, with note] ; notes on this case, 52 Harv.L.Rev. 683; 39 Columb.L.Rev. 274; *Stoll* v. *Gottlieb,* 305 U.S. 165 [59 S.Ct. 134, 83 L.Ed. 104] ; *Chamblin* v. *Chamblin,* 362 Ill. 588 [1 N.E. 2d 73, 104 A.L.R. 1183, 1187, with note] ; *Hall* v. *Wilder Mfg. Co.,* 316 Mo. 812 [293 S.W. 760, 52 A.L.R. 723, with note] ; *Harju* v. *Anderson,* 133 Wash. 506 [234 P. 15, 44 A.L.R. 450, 457, with note] ; *Corliss* v. *Davidson & Case Lumber Co.,* 152 Kan. 327 [103 P.2d 781] ; *Schaeffer* v. *Schaeffer,* 128 Conn. 628 [25 A.2d 243] ; *Chicago Life Ins. Co.* v. *Cherry,* 244 U.S. 25 [37 S.Ct. 492, 61 L.Ed. 966] ; 31 Am.Jur., p. 163, § 554.) " (See anno.: 104 A.L.R. 1187.)

Any doubt that may have existed on the question was set at rest by two recent decisions of the Supreme Court of the United States—*Sherrer* v *Sherrer,* 334 U.S. 343 [68 S.Ct. 1087, 92 L.Ed. 1429, 1 A.L.R.2d 1355], and *Coe* v. *Coe,* 334 U.S. 378 [68 S.Ct. 1094, 92 L.Ed. 1451, 1 A.L.R.2d 1376]. In the Sherrer case, the question of the jurisdiction of a Florida court was put in issue by the defendant—husband in a divorce action in Florida. The Florida court decreed that it had jurisdiction. In a later action in Massachusetts, the husband was permitted again to raise the question of the jurisdiction of the Florida court. The Massachusetts court held that the Florida court had not had jurisdiction. The

Supreme Court of the United States reversed the Massachusetts court, holding that the Florida court's finding of jurisdiction was res judicata and entitled to full faith and credit in the courts of sister states. The court epitomized its prior decisions as follows (92 L.Ed. p. 1436): "We believe that the decision of this Court in the Davis Case [305 U.S. 32, 83 L.Ed. 26, 59 S.Ct. 3, 118 A.L.R. 1518] and those in related situation are clearly indicative of the result to be reached here. Those cases stand for the proposition that the requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister State where there has been participation by the defendant in the divorce proceedings, where the defendant has been accorded full opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree."

Appellant here—defendant in the Illinois proceeding—participated in the hearing on the rule to show cause. He was accorded full opportunity to contest the jurisdictional issue. The order of June 17, 1942, made in the proceeding arising out of the rule to show cause, is not susceptible to collateral attack on jurisdictional grounds in the courts of Illinois. (*Van Matre* v. *Sankey*, 148 Ill. 536 [36 N.E. 628, 632, 39 Am.St.Rep. 196, 23 L.R.A. 665]; *State Bank* v. *Reardon*, 301 Ill.App. 248, 251 [22 N.E.2d 716, 717]; *Kewanee L. & S. Co.* v. *Guest Laundry Co.*, 306 Ill.App. 491, 498 [29 N.E.2d 115, 118]; *Stephens* v. *Stephens*, 319 Ill.App. 292 [49 N.E.2d 560]; 34 Ill.L.Rev. 567, 574; 6 Univ. of Chicago L.Rev. 293; 10 Univ. of Chicago L.Rev. 499; cf., *Grimm* v. *Grimm*, 302 Ill. 511 [135 N.E. 19]; *Murphy* v. *Murphy*, 343 Ill. 234 [175 N.E. 378]; *Dillenburg* v. *Hellgren*, 371 Ill. 452, 457 [21 N.E.2d 393, 395]; *Gottlieb* v. *Crowe*, 289 Ill.App. 595, 599 [7 N.E.2d 469, 471] [This decision was reversed by the Supreme Court of Illinois, *Gottlieb* v. *Crowe*, 368 Ill. 88 [12 N.E.2d 881]. The Supreme Court of the United States granted certiorari and affirmed the appellate court, *Stoll* v. *Gottlieb*, 305 U.S. 165 [83 L.Ed. 104, 59 S.Ct. 134]; *Osborn* v. *Thorp*, 298 Ill.App. 261, 273 [18 N.E.2d 723, 728].) Having selected his forum for the determination of the issue of jurisdiction, appellant is precluded by the final adjudication in the Illinois proceeding from relitigating the issue in this action.

In view of the conclusions stated, it would serve no purpose to consider whether the Illinois court, by its order of

June 17, 1942, correctly construed the decree of May 8, 1936.

We conclude (1) that the complaint does not state facts sufficient to constitute a cause of action, and that neither the complaint nor the evidence nor the findings support the judgment because it is neither alleged nor proved nor found that plaintiff had not remarried after the order of June 17, 1942, and (2) that the order of the Illinois court of June 17, 1942, is valid and may not be attacked in this action. Respondent should be permitted to amend her complaint should she be so advised.

Our labors in the consideration of this appeal would have been immeasurably lightened had counsel, in citing cases from other jurisdictions in their briefs, given us parallel and unofficial citations as well as the official state citations.

Judgment reversed.

Shinn, P. J., and Wood, J., concurred.